Filed 3/28/14  P. v. American Contractors Indemnity Co. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN CONTRACTORS<br>INDEMNITY COMPANY,<br><br>　　　Defendant and Appellant. | A137526, A138350<br><br>(San Mateo County<br>　Super. Ct. No. CIV520247) |

American Contractors Indemnity Company (American Contractors) is a professional surety company that appeals from an order denying its motion to vacate forfeiture and exonerate bail.  It argues that the notice of forfeiture was constitutionally insufficient and violated its due process rights.  American Contractors also claims that a summary judgment entered on the forfeiture is void because it was entered while an appeal was pending from the order denying the motion to vacate forfeiture.  We reject these contentions and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2011, American Contractors, through its bail agent, posted a $100,000 bail bond for the release of Welid Hallal, who was facing a variety of criminal charges that included assault and making criminal threats.  The court ordered bail forfeited after Hallal failed to appear in court on November 14, 2011.  On December 5, 2011, the court clerk mailed a notice of forfeiture to American Contractors and its bail agent that read in

1

full:  "You are hereby notified that Bail Bond No. AUL-2079128, in the sum of $100,000 was forfeited on 11/14/11.  Defendant having failed to appear for Jury Trial."

On November 15, 2012, American Contractors filed a motion to vacate forfeiture and exonerate bail on the ground the notice of forfeiture was constitutionally inadequate.  The court denied the motion on December 7, 2012.  American Contractors filed a notice of appeal on January 4, 2013.  The appeal from the order denying the motion to vacate forfeiture and exonerate bail is pending as case number A137526.

On March 7, 2013, while the appeal from the court's order of December 7, 2012, was pending, the trial court entered a summary judgment on the bail forfeiture.  American Contractors filed an appeal from the summary judgment on April 9, 2013, in case number A138350.  We consolidated the appeals in A137526 and A138350 at the request of American Contractors.

DISCUSSION

**1.**     *Sufficiency of Notice of Forfeiture*

American Contractors argues that the court lacked jurisdiction to enter summary judgment because the notice of forfeiture was constitutionally inadequate to satisfy due process standards.  It claims the notice was insufficient because it failed to recite the statutory provisions under which relief from forfeiture could be obtained, including any relevant time limitations.  As support for this proposition, American Contractors relies on principles established by the United States Supreme Court (see *Memphis Light, Gas & Water Div. v. Craft* (1978) 436 U.S. 1) and two California Court of Appeal decisions (*People v. Swink* (1984) 150 Cal.App.3d 1076 (*Swink*); *Minor v. Municipal Court* (1990) 219 Cal.App.3d 1541 (*Minor*)).  In *Swink* and *Minor,* the Courts of Appeal held that a notice of bail forfeiture sent to a *lay* individual is insufficient if it fails to inform the recipient of the underlying statutory scheme governing bail forfeiture or the existence of jurisdictional time limits to exonerate bail.  (*Swink, supra,* at p. 1082; *Minor, supra,* at pp. 1550–1551.)

In *People v. Accredited Surety & Casualty Co,. Inc.* (2013) 220 Cal.App.4th 1137, 1142 (*Accredited Surety*), this court considered whether the analysis in *Swink* and *Minor*

2

"applies when bond is posted by a corporate surety that presumably knows, or at least should know, of the statutory provisions that govern the issuance of bail bonds, forfeiture of bail, and relief from forfeiture." We held that the requirements outlined in *Swink* and *Minor* are inapplicable to a corporate surety, reasoning that "the class of those for whom due process requires that notice of a bail forfeiture contain explicit notification of the procedure by which to obtain relief from the forfeiture does not include professional sureties, such as the surety in the present case." (*Id.* at pp. 1142, 1145.)

This case is indistinguishable from *Accredited Surety.* American Contractors is a professional surety. The notice of forfeiture satisfied the literal terms of the governing statute. (See Pen. Code, § 1305, subd. (b); *Accredited Surety, supra,* 220 Cal.App.4th at p. 1141.) Under *Accredited Surety,* the notice was sufficient and did not violate American Contractors' due process rights.

American Contractors asks this court to revisit *Accredited Surety* and retract the holding in that case. It claims that we focused exclusively on the surety and failed to consider the important role that bail agents play. According to American Contractors, statutory notice is required to be given to both the surety *and* the bail agent. (Pen. Code, § 1305, subd. (b).) It argues that bail agents are natural persons who, like the personal sureties in *Swink* and *Minor*, will have varying degrees of education, experience, and resources. Further, it claims that bail agents are primarily responsible for locating and returning a defendant to court, unlike sureties who simply put up the bond. Consequently, American Contractors contends that the notice of forfeiture must contain the information required by *Swink* and *Minor,* regardless of whether one of the recipients of the notice is a professional surety.

We decline to revisit our decision in *Accredited Surety.* As an initial matter, we question the assertion that bail agents may be unaware of the procedures to vacate a bail forfeiture. In California, bail agents must be licensed by the state and must meet certain minimum requirements. (Ins. Code, § 1800 et seq.) Unlike a lay person, a licensed bail agent is presumably aware of the statutory procedures for obtaining relief from forfeiture, just like a professional surety.

In any event, the emphasis in *Swink* and *Minor* was upon providing proper notice to "[s]ureties and depositors" who risk losing the bond they have posted. (*Swink, supra,* 150 Cal.App.3d at p. 1082; see also *Minor, supra,* 219 Cal.App.3d at p. 1550.) The concern was over the "risk of erroneous deprivation of the *bail depositor's interest* in recouping the deposit . . . ." (*Accredited Surety, supra,* 220 Cal.App.4th at p. 1144, italics added.) The surety or depositor is the party that has an interest in avoiding forfeiture and receiving sufficient due process. By contrast, a bail agent who simply acts on behalf of a surety does not face the same risk of an erroneous deprivation of a property interest. Accordingly, a notice of forfeiture that is considered sufficient under *Accredited Surety* because it is served on a professional surety is not rendered constitutionally inadequate simply because it is also served on a bail agent.

**2.     *Entering Summary Judgment While Appeal is Pending***

American Contractors next contends the summary judgment is void because it was entered during the pendency of the appeal from the order denying its motion to vacate the forfeiture and exonerate bail. It relies upon the principle contained in Code of Civil Procedure section 916 that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ." (Code Civ. Proc., § 916, subd. (a).) As we explain, longstanding case authority establishes that this principle is inapplicable to summary judgment in a bail forfeiture proceeding.

In *County of Los Angeles v. Wilshire Ins. Co.* (1979) 103 Cal.App.3d Supp. 1, 2–3 (*Wilshire*), the appellate court considered a claim that the trial court lacked jurisdiction to enter summary judgment on a bail bond because an appeal was pending from an order denying a motion to vacate the forfeiture. The court rejected the claim, reasoning as follows: "If the court had not entered summary judgment within the 90-day period provided by Penal Code section 1306 the bond would have been exonerated and the bail lost to the people of the State of California. While Code of Civil Procedure section 916, subdivision (a) in general stays proceedings in the trial court upon matters embraced in or affected by the judgment or order appealed from, Penal Code sections 1300 to 1309

4

inclusive specifically provide for the proceedings in respect of forfeiture of a bail bond and the entry of a summary judgment against the bondsman. They do not provide that appeal from a forfeiture stays the power of the court to enter summary judgment. This specific statutory scheme prevails over the general provisions of Code of Civil Procedure section 916, subdivision (a)." (*Wilshire, supra,* 103 Cal.App.3d Supp. at p. 3.)

In *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 565 (*County of Sacramento*), the Court of Appeal for the Third Appellate District adopted the reasoning of *Wilshire* in holding that an appeal from an order denying a motion to vacate a forfeiture does not stay the power of the court to enter summary judgment. There, the court addressed a contention that *Wilshire* was inconsistent with rules of statutory construction and the decision in *People v. Wilcox* (1960) 53 Cal.2d 651, in which the Supreme Court held that an appeal lies from an order on a motion to set aside a forfeiture of bail. (*Ibid.*) The court stated it did "not believe the decision in *Wilcox* compels the application here of either Code of Civil Procedure section 916, subdivision (a), or the other rules generally governing appeals, including the rule that the filing of a notice of appeal divests the trial court of jurisdiction over the matter pending appeal." (*County of Sacramento, supra,* 139 Cal.App.3d at p. 565.)

Further, the court in *County of Sacramento* agreed with the *Wilshire* court's application of rules of statutory construction, reasoning that the statute governing summary judgment in bail forfeiture proceedings (Pen. Code, § 1306) " 'unequivocally limit[s] the time within which the judgment may be entered, and provide[s] that the right to enter the judgment terminates when the time limit has expired.' " (*County of Sacramento, supra,* 139 Cal.App.3d at p. 565.) Because these statutory provisions establish a jurisdictional limitation and are mandatory in nature, the court reasoned, they prevail over the more general provisions in the Code of Civil Procedure providing for a stay pending appeal. (*Ibid.*)

American Contractors has offered no compelling reason for us to depart from this longstanding precedent. It contends that a general statutory provision controls over the more specific statute when the specific statute is silent as to the application of the general

5

provision. As support for its argument, American Contractors relies on *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 (*Varian*). We are not persuaded.

In *Varian,* the Supreme Court held that an appeal from an order denying a special motion to strike under Code of Civil Procedure section 425.16 stays all further trial court proceedings upon the causes of action affected by the motion. (*Varian, supra,* 35 Cal.4th at p. 186.) We fail to see how *Varian* supports American Contractors' contention that a general statutory provision controls over a specific statutory provision that does not expressly address the applicability of the general provision. Here, the statutory scheme applicable to summary judgment on bail bonds specifies jurisdictional time limitations that are mandatory in nature. (See *County of Sacramento, supra,* 39 Cal.App.3d at p. 565.) As the court in *County of Sacramento* recognized, these strictly applied time limits are inconsistent with a more general provision that imposes a stay pending an appeal. (*Ibid.*) Further, the purpose of the time limits is to restrict the government's power to enforce a forfeiture, bearing in mind that we strictly construe statutes imposing forfeitures. (*Id.* at pp. 565–566.) Applying a general statute imposing a stay in the case of an appeal—and thereby extending the time to enter summary judgment—is contrary to the intent of the more specific summary judgment statute to place a jurisdictional time limit on the right to enforce a forfeiture.

American Contractors also contends that entry of summary judgment while an appeal is pending changes the status quo and forces a surety to file a second appeal from the summary judgment. It suggests there will be a "second round of unnecessary litigation" resulting in costs to the litigants as well as the courts. We disagree. A summary judgment in a bail forfeiture proceeding is in the nature of a consent judgment entered without a hearing. (Cf. *County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 968.) The procedure is not adversarial in nature and does not require notice to the surety before entry of summary judgment. (*Ibid.*) Consequently, entry of summary judgment does not require a further round of adversarial litigation. Because there are strict time limits for entry of summary judgment, in many cases a party aggrieved by an order denying a motion to vacate a forfeiture can file a single appeal

6

encompassing both that order and the subsequently entered summary judgment. Or, if it is necessary to file a second notice of appeal, the aggrieved party can request that the two appeals be consolidated for all purposes, such as American Contractors did in this case. In either case, the matter can be treated as a single appeal that raises issues common to both the summary judgment and the order denying the motion to set aside the forfeiture. If the court reverses the order denying the motion to vacate forfeiture—and thus sets aside the forfeiture—then the subsequently entered summary judgment is likewise subject to reversal. Thus, including the summary judgment within the scope of the appeal does not necessarily expand or complicate the litigation.

By contrast, if the filing of an appeal divests the trial court of jurisdiction to enter summary judgment on a bond pursuant to Penal Code section 1306, as American Contractors urges, then the parties would have to fully litigate the appeal before any further action could be taken by the trial court. If the appellate court denies the relief requested by the surety, the trial court would then be authorized to enter summary judgment against the surety upon issuance of the remittitur. Entry of summary judgment would afford the surety yet another opportunity to appeal. Thus, the rule advocated by American Contractors would actually engender further litigation and delay.

Because we find no convincing reason to disagree with the holdings in *Wilshire* and *County of Sacramento,* we conclude that the trial court had jurisdiction to enter summary judgment against American Contractors.

### DISPOSITION

The summary judgment entered on March 7, 2013, and the order of December 7, 2012, denying the motion to vacate forfeiture and exonerate bail are affirmed. Respondent shall recover its costs on appeal.

7

_____
McGuiness, P.J.

We concur:


_____
Jenkins, J.


_____
Pollak, J.