Opinion
DOWDS, J.
Wilshire Insurance Company (Wilshire) and Mark Herman (Herman) appeal from denial of their motions to set aside a *Supp. 3 summary judgment entered against them following forfeiture of a bail bond. They argue that the order appealed from was entered at a time the court lacked jurisdiction because at that time a previous appeal from an order denying a motion to vacate the forfeiture was pending. Penal Code section 1306 requires the entry of a summary judgment when the time specified in Penal Code section 1305 (180 days after entry of bond forfeiture in the court minutes, or, if notice is required, after mailing of notice of forfeiture) has elapsed without the forfeiture having been set aside. If the court had not entered summary judgment within the 90-day period provided by Penal Code section 1306 the bond would have been exonerated and the bail lost to the people of the State of California. While Code of Civil Procedure section 916, subdivision (a) in general stays proceedings in the trial court upon matters embraced in or affected by the judgment or order appealed from, Penal Code sections 1300 to 1309 inclusive specifically provide for the proceedings in respect of forfeiture of a bail bond and the entry of a summary judgment against the bondsman. They do not provide that appeal from a forfeiture stays the power of the court to enter summary judgment. This specific statutory scheme prevails over the general provisions of Code of Civil Procedure section 916, subdivision (a). The statutory procedure provided in respect of bail bonds was followed here and appellants’ contention that the order appealed from was entered while the trial court lacked jurisdiction fails.
The order denying Herman’s motion to vacate and set aside the summary judgment must, however, be reversed. Penal Code section 1306, pursuant to which the summary judgment was entered, provides for such judgments against “each bondsman named in the bond in the amount for which the bondsman has bound himself.” Herman is not a bondsman at all. He is clearly designated in the bond itself as the agent of the bondsman and he made no undertaking at all. His name appears in the caption of the summary judgment only, not in the body. Thus it is questionable if any judgment is outstanding against him. He is entitled to have the doubt removed, however, and the respondent does not dispute this, making no reply in its brief to Herman’s argument as to his individual liability.
The order appealed from is affirmed as to Wilshire and reversed as tct Herman with directions to set aside the summary judgment entered against him.
*Supp. 4 Appellant Herman is to recover his costs on appeal against respondent County of Los Angeles. Respondent to recover its costs on appeal against appellant Wilshire.
Saeta, J., concurred.