[Civ. No. 20956. Third Dist. Jan. 28, 1983.]

COUNTY OF SACRAMENTO, Plaintiff and Appellant, v.
INSURANCE COMPANY OF THE WEST, Defendant and Respondent.

## COUNSEL

L. B. Elam, County Counsel, and Clement J. Dougherty, Jr., Deputy County Counsel, for Plaintiff and Appellant.

Haase & Heinemann, John W. Heinemann and Carlos E. Sosa for Defendant and Respondent.

## OPINION

**REGAN, Acting P. J.**—Plaintiff Sacramento County appeals from an order, entered in proceedings involving the forfeiture of bail bonds, granting the motion of the surety, Insurance Company of the West, to vacate summary judgment against the surety and to exonerate the bonds.

The county asserts the 90-day time period provided under Penal Code section 1306[1] in which to enter summary judgment was tolled by an appeal from the denial of the bondsman's motion to vacate the forfeiture, restore and exonerate the bonds. The county further asserts the two-year period provided in section 1306 in which to enforce the summary judgment was tolled by an appeal by the

---

[1]The pertinent portions of Penal Code section 1306 provide: "(b) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated.

"...................................................

"(e) The right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of the judgment."

bondsman from a minute order granting county counsel's motion to execute and enter summary judgment pursuant to section 1306.

We conclude the 90-day period in which to enter summary judgment was not tolled, and the court thus lacked jurisdiction to enter summary judgment following expiration of the 90-day period. Since we conclude summary judgment was not properly entered, we need not address the question of whether the two-year period in which to enforce the summary judgment was similarly tolled.

*Facts*

On October 18, 1977, Frank Goodyear failed to appear in court, and his bail was forfeited. Insurance Company of the West was the surety. The surety and bondsman were notified of the order on October 19, 1977.

On July 12, 1978, the superior court denied a motion, filed April 14, 1978, to vacate the forfeiture, restore and exonerate the bond; the bondsman appealed on July 31, 1978. The appeal was dismissed by the Court of Appeal on December 28, 1978, and the remittitur was executed on February 27, 1979.

County counsel filed a motion to execute and enter summary judgment on March 8, 1979; the motion was granted by minute order on April 16, 1979, and a summary judgment against the surety was entered by separate document on that date. On May 4, 1979, the bondsman appealed from the minute order reading, "The motion of County Counsel to execute and enter summary judgment heretofore taken under submission is GRANTED." That appeal was dismissed on April 22, 1980, and the remittitur executed on June 23, 1980.

On May 4, 1981, the surety filed a motion to vacate summary judgment against it and to exonerate bonds. The superior court granted the motion and the county filed this appeal.[2]

---

[2]The legally significant dates may be summarized as follows:
a. 10-18-77 Bail bond declared forfeited.
b. 10-19-77 Clerk mails notice of forfeiture to bondsman and surety.
c. 04-14-78 Motion to vacate forfeiture filed by bondsman and hearing set for 5-4-78 and then continued to 5-23-78.
d. 04-19-78 180 days after mailing of notice of forfeiture.
e. 07-12-78 Superior court denies motion to set aside forfeiture.
f. 07-13-78 90-day period of Penal Code section 1306 begins to run.
g. 07-31-78 Notice of appeal filed by bondsman.
h. 12-28-78 Appeal dismissed by Court of Appeal.
i. 02-27-79 Remittitur from Court of Appeal to county clerk.
j. 03-08-79 Notice of motion to execute and enter summary judgment filed by county counsel.
k. 04-16-79 County counsel's motion to execute and enter summary judgment granted; sum-

*Discussion*

 The parties agree the 90-day period in which to enter summary judgment began on July 13, 1978, the day after the superior court denied the bondsman's motion to set aside the forfeiture. (See *People* v. *Wilcox* (1960) 53 Cal.2d 651 [2 Cal.Rptr. 754, 349 P.2d 522].)

Noting that bail bond forfeitures are civil in nature (see *People* v. *Wilcox, supra,* at p. 654) and relying on Code of Civil Procedure section 916, subdivision (a),[3] as well as other rules governing matters on appeal, the county asserts once the notice of appeal was filed on July 31, 1978, the superior court had no jurisdiction to enter summary judgment until the remittitur was sent back to the county clerk; hence, the time in which to enter summary judgment was tolled from July 31, 1978, to February 27, 1979. We disagree.

In *County of Los Angeles* v. *Wilshire Ins. Co.* (1979) 103 Cal.App.3d Supp. 1, 3 [163 Cal.Rptr. 123], an appeal by an insurance company and the agent of the bondsman from the denial of their motions to set aside a summary judgment entered against them following the forfeiture of a bail bond, the court rejected the contention that the order appealed from was entered at a time the court lacked jurisdiction because at that time a previous appeal from an order denying a motion to vacate the forfeiture was pending. The court stated: "Penal Code section 1306 requires the entry of a summary judgment when the time specified in Penal Code section 1305 (180 days after entry of bond forfeiture in the court minutes, or, if notice is required, after mailing of notice of forfeiture) has elapsed without the forfeiture having been set aside. If the court had not entered summary judgment within the 90-day period provided by Penal Code section 1306 the bond would have been exonerated and the bail lost to the people of the State of California. While Code of Civil Procedure section 916, subdivision (a) in general stays proceedings in the trial court upon matters embraced in or affected by the judgment or order appealed from, Penal Code sections 1300 to 1309 inclusive specifically provide for the proceedings in respect of forfeiture of a bail bond and the entry of a summary judgment against the bondsman.

mary judgment entered.

l. 04-17-79 Two-year period of Penal Code section 1306 begins to run (if summary judgment validly entered).

m. 05-04-79 Notice of appeal filed by bondsman from order dated 4-16-79.

n. 04-22-80 Appeal dismissed by Court of Appeal.

o. 06-23-80 Remittitur from Court of Appeal to county clerk.

p. 05-04-81 Notice of motion to vacate summary judgment against surety and to exonerate bonds.

[3]Code of Civil Procedure section 916, subdivision (a), provides in pertinent part: "Except as provided in Sections 917.1 through 917.9 and in Section 117.7, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ."

They do not provide that appeal from a forfeiture stays the power of the court to enter summary judgment. This specific statutory scheme prevails over the general provisions of Code of Civil Procedure section 916, subdivision (a)." (*Ibid.*) Accordingly, the *Wilshire* court held the failure to enter summary judgment within the 90-day period properly exonerated the bail pursuant to Penal Code section 1306, even though an appeal was then pending.

The county would have us reject *Wilshire* as a nonbinding decision of the appellate department of the superior court, which is inconsistent with rules of statutory construction and with the decision of the Supreme Court in *People* v. *Wilcox, supra,* 53 Cal. 2d 651. In *Wilcox,* the court held an appeal might be taken from an order on a motion to set aside a forfeiture of bail. The court noted that Code of Civil Procedure section 963, subdivision 1,[4] provided for an appeal from a "final judgment entered in an action" and held, "[t]he forfeiture of bail is an independent, collateral matter, civil in nature, and the effect of an order on a motion to set aside such a forfeiture is substantially a final determination at the trial court level of issues affecting the surety, aside from the principal matter before the court." (*Id.,* at pp. 654-655.) We, however, do not believe the decision in *Wilcox* compels the application here of either Code of Civil Procedure section 916, subdivision (a), or the other rules generally governing appeals, including the rule that the filing of a notice of appeal divests the trial court of jurisdiction over the matter pending appeal. (See 4 Cal.Jur. 3d., Appellate Review, § 171, p. 250.) The question we confront here was not considered by the court in *Wilcox.* Moreover, we find no language in that case indicating the Supreme Court would apply Code of Civil Procedure section 916, subdivision (a), in the present context.

Instead, we believe the *result* reached by the court in *Wilshire,* that an appeal from an order denying a motion to vacate a forfeiture does not stay the power of the court to enter summary judgment, is correct after considering the express language of Penal Code section 1306 and applying established rules of statutory construction. As expressed in *People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79-80 [106 Cal.Rptr. 220]: "The provisions of Penal Code section 1306 are clear and unambiguous. They place the responsibility for entering the summary judgment on defaulted bail on the court, unequivocally limit the time within which the judgment may be entered, and provide that the right to enter the judgment terminates when that time limit has expired. [¶] There can be no doubt the Legislature intended to impose a 90-day time limit in which to enter summary judgments on defaulted bail which is jurisdictional, for the statute uses the words: '[or] the right to do so expires and the bail is exonerated.' " (See also *People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 220 [119 Cal.Rptr. 917].) In addition, statutory provisions relating to time generally will be con-

---

[4]Repealed by Statutes 1968, chapter 385, section 1.

strued as mandatory where consequences or penalties are attached to the failure to observe the provision within a given time. (See 58 Cal.Jur.3d, Statutes, § 150, p. 547.) Finally, "[t]he law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed." (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]; Civ. Code, § 1442; see also *People* v. *Wilshire Ins. Co., supra,* 46 Cal.App.3d at p. 220; *People* v. *Surety Ins. Co., supra,* 30 Cal.App.3d at p. 79.)

We affirm the order vacating summary judgment and exonerating the bonds.

Evans, J., and Blease, J., concurred.