Filed 5/8/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>INDIANA LUMBERMENS MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendant and Appellant. | B247836<br><br>(Los Angeles County<br>Super. Ct. Nos. LA042180 & SJ003457) |

       APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

       John M. Rorabaugh for Defendant and Appellant.

       Office of the County Counsel, Ruben Baeza, Jr., Assistant County Counsel and Joanne Nielsen, Principal Deputy County Counsel, for Plaintiff and Respondent.

———————————

Defendant and appellant Indiana Lumbermens Mutual Insurance Company (Indiana), the surety on a bail bond, appeals an order denying its motion to set aside the summary judgment on a forfeited $625,000 bail bond.[1]

The essential issue presented is whether the summary judgment on the bail forfeiture is void because it was entered while an appeal was pending from an order denying Indiana's motion to vacate the forfeiture.

We conclude the pendency of the appeal from the order denying the motion to vacate the forfeiture did not deprive the trial court of jurisdiction to enter summary judgment on the forfeited bond. Therefore, the order refusing to set aside the summary judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Earlier proceedings*.

Two felony cases were pending in the Los Angeles Superior Court against criminal defendant Joseph Parseg Mkrtchyan (Mkrtchyan). In a case in the northwest district, at Van Nuys Courthouse West (the Van Nuys case), consisting of 11 counts, Mkrtchyan was released on Indiana's $625,000 bond, executed on August 28, 2008. In a case at the Airport Courthouse (the Airport case), Mkrtchyan was released on his own recognizance. On January 6, 2009, on the People's motion and with no objection by the defense, the trial court ordered the single-count Airport case consolidated with the Van Nuys case, with the Airport count added as count 12 to the Van Nuys case. Bail was unchanged. It remained at $625,000 in the consolidated case because Mkrtchyan had been released on his own recognizance in the Airport case.

On June 23, 2009, Mkrtchyan failed to appear for trial in the consolidated case. As a result, the $625,000 bond was forfeited and an arrest warrant was issued.

On July 30, 2009, Indiana filed a motion to vacate the forfeiture and exonerate the bond. Indiana contended the trial court lost jurisdiction over the bond by applying it

---

[1]    Indiana also purports to appeal an order sanctioning its attorney in the sum of $500.

2

"not only to secure the appearance on the charges for which it was posted [(i.e., the 11 counts in the Van Nuys case)], but also applying the bond to an additional unrelated criminal act [(i.e., the single-count Airport case)] after the bond had been posted." Indiana argued the increased risk on the bond, without its consent, terminated its obligation on the bond.

In opposition, the People pointed out that Mkrtchyan was free on his own recognizance in the Airport case; therefore, when the Airport case was consolidated with the Van Nuys case, the bail was not increased. Thus, the consolidation of the two cases had no effect on Indiana. The People further disputed Indiana's contention the consolidation of the single-count Airport case with the eleven-count Van Nuys case altered the risks and nature of Indiana's bond in the Van Nuys case, in that the one added count of robbery from the Airport case was almost identical to the charges in the Van Nuys case.

On September 17, 2009, the trial court denied Indiana's motion to vacate the forfeiture and exonerate bail.

On September 25, 2009, Indiana filed notice of appeal from the order denying its motion to vacate the forfeiture.

On January 29, 2010, *during the pendency of that appeal*, the trial court entered summary judgment on the forfeited bond in the total amount of $625,355 including court costs.

In an opinion filed January 30, 2012, this court affirmed the trial court's order denying the motion to vacate forfeiture. (*People v. Indiana Lumbermens Mutual Ins. Co*. (2012) 202 Cal.App.4th 1541 (*Indiana I*).) We concluded the trial court's consolidation of the two felony complaints against Mkrtchyan, which added count 12 to the charges pending against him in the Van Nuys case, did not operate to exonerate the bond. The addition of count 12 to the Van Nuys felony complaint was a duly authorized amendment thereof; therefore, the language of the bond issued in the Van Nuys case encompassed count 12. (*Id*. at pp. 1548-1550.)

3

We also rejected Indiana's contention the consolidation of the two cases increased Mkrtchyan's flight risk. Irrespective of whether Mkrtchyan was being prosecuted on the various counts by way of two felony complaints or via a single consolidated complaint, he was facing the same charges after the consolidation as before and he stood to forfeit the same $625,000 if he failed to appear. Under the circumstances of this case, the inclusion of the Airport robbery count in the Van Nuys case did not materially alter Indiana's risk therein. (*Id.* at pp. 1550-1551.)

Following the Supreme Court's denial of a petition for review, the remittitur issued on May 14, 2012.

2. *Proceedings following the resolution of Indiana I.*

On October 29, 2012, Indiana filed a motion in the trial court to permanently stay enforcement of the judgment on the ground the judgment became unenforceable at the expiration of two years from its entry. In opposition, the County argued that because an appeal bond was posted, the enforcement of the judgment was stayed during the pendency of the appeal, so that the summary judgment was enforceable.

On November 9, 2012 the trial court denied Indiana's motion to permanently stay enforcement. On December 3, 2012, Indiana paid the judgment, but a dispute remained over the amount of interest due on the judgment.

On February 14, 2013, Indiana filed the motion which is the subject of this appeal. Indiana moved to set aside the January 29, 2010 summary judgment, discharge forfeiture and exonerate bail, on the ground the trial court was without jurisdiction to enter summary judgment during the pendency of the appeal from the order denying the motion to vacate forfeiture. Indiana argued the trial court's lack of jurisdiction during the pendency of the appeal rendered the summary judgment void.

In opposition, the County relied on *County of Los Angeles v. Wilshire Ins. Co.* (1979) 103 Cal.App.3d Supp. 1, 3 (*Wilshire*) and *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 565 (*Sacramento*) for the proposition that an appeal from an order denying a motion to vacate forfeiture does not divest the trial court of jurisdiction to enter summary judgment on the forfeited bail bond.

4

On March 15, 2013, the matter came on for hearing. The trial court denied Indiana's motion to set aside summary judgment. The trial court found the case law governing summary judgment on a forfeited bond has established that Code of Civil Procedure section 916, subdivision (a) [perfecting of appeal stays proceedings in trial court] "is inapplicable in proceedings regarding forfeiture [of] bail." The trial court concluded "the court most certainly did have jurisdiction to enter summary judgment on January 29th, 2010," during the pendency of the appeal from the order denying the motion to vacate forfeiture. The trial court also clarified the correct amount of the summary judgment and ordered payment of the outstanding balance.

In addition, the trial court imposed monetary sanctions against Indiana's attorney in the sum of $500 for a misleading statement in counsel's reply brief.

On March 27, 2013, Indiana filed notice of appeal from the March 15, 2013 order.

## CONTENTIONS

Indiana contends: the trial court lacked subject matter jurisdiction to enter summary judgment on the bail bond during the pendency of the appeal from the order denying Indiana's motion to vacate forfeiture; and the trial court improperly imposed monetary sanctions on its counsel.

## DISCUSSION

1. *Trial court retained jurisdiction to enter summary judgment on the forfeited bond during the pendency of the appeal from the order refusing to vacate the forfeiture.*

Indiana contends the summary judgment is void because it was entered during the pendency of the appeal from the order denying its motion to vacate the forfeiture. It relies on Code of Civil Procedure section 916 which provides the "perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ." (*Id.*, subd. (a).)

In accordance with longstanding case authority, we conclude this principle is inapplicable to a summary judgment in a bail forfeiture proceeding.

5

a. *The Wilshire case.*

*Wilshire, supra,* 103 Cal.App.3d Supp. 1, involved an appeal by an insurance company and the agent of the bondsman from the denial of their motions to set aside a summary judgment entered against them following the forfeiture of a bail bond. *Wilshire* addressed the appellants' argument that the trial court lacked jurisdiction to enter summary judgment on the bail bond because an appeal was pending from an order denying a motion to vacate the forfeiture. (*Id*. at pp. 2-3.)

*Wilshire* rejected the claim, reasoning as follows: "If the court had not entered summary judgment within the 90-day period provided by Penal Code section 1306 [**2**] the bond would have been exonerated and the bail lost to the people of the State of California. While Code of Civil Procedure section 916, subdivision (a) in general stays proceedings in the trial court upon matters embraced in or affected by the judgment or order appealed from,[**3**] Penal Code sections 1300 to 1309 inclusive specifically provide for the proceedings in respect of forfeiture of a bail bond and the entry of a summary judgment against the bondsman. *They do not provide that appeal from a forfeiture stays the power of the court to enter summary judgment. This specific statutory scheme prevails over the general provisions of Code of Civil Procedure section 916, subdivision (a).*" (*Wilshire, supra,* 103 Cal.App.3d Supp. at p. 3, italics added.)

---

**2**     Penal Code section 1306 states in relevant part at subdivision (c):  "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

**3**     Code of Civil Procedure section 916 states in relevant part at subdivision (a): "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, *the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby*, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Italics added.)

b. *The Sacramento case.*

*Sacramento, supra,* 139 Cal.App.3d 561 agreed with *Wilshire* that an appeal from an order denying a motion to vacate a forfeiture does not stay the power of the court to enter summary judgment. (*Sacramento, supra,* at p. 565.) The *Sacramento* court addressed the contention that *Wilshire* was inconsistent with the rules of statutory construction and the Supreme Court's decision in *People v. Wilcox* (1960) 53 Cal.2d 651, which held an appeal may be taken from an order on a motion to set aside a forfeiture of bail. (*Sacramento, supra,* at p. 565.) *Sacramento* stated it did "not believe the decision in *Wilcox* compels the application here of either Code of Civil Procedure section 916, subdivision (a), or the other rules generally governing appeals, including the rule that the filing of a notice of appeal divests the trial court of jurisdiction over the matter pending appeal." (*Sacramento, supra,* at p. 565.)

*Sacramento* explained, "we believe the result reached by the court in *Wilshire*, that an appeal from an order denying a motion to vacate a forfeiture does not stay the power of the court to enter summary judgment, is correct after considering the express language of Penal Code section 1306 and applying established rules of statutory construction. As expressed in *People v. Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79-80: 'The provisions of Penal Code section 1306 are clear and unambiguous. They place the responsibility for entering the summary judgment on defaulted bail on the court, unequivocally limit the time within which the judgment may be entered, and provide that the right to enter the judgment terminates when that time limit has expired. [¶] There can be no doubt the Legislature intended to impose a 90-day time limit in which to enter summary judgments on defaulted bail which is jurisdictional, for the statute uses the words: "[or] the right to do so expires and the bail is exonerated." ' (See also *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 220.) In addition, statutory provisions relating to time generally will be construed as mandatory where consequences or penalties are attached to the failure to observe the provision within a given time. (See 58 Cal.Jur.3d, Statutes, § 150, p. 547.) Finally, '[t]he law traditionally disfavors forfeitures and statutes imposing them are to be

7

strictly construed.' [Citations.]" (*Sacramento, supra*, 139 Cal.App.3d at pp. 565-566, italics omitted.)

c. *Indiana's arguments to the contrary are unavailing.*

Indiana presents no compelling reason for us to depart from this longstanding precedent. Indiana acknowledges that *Wilshire* and *Sacramento* are extant, but contends case law has broadly applied Code of Civil Procedure section 916 to divest the trial court of jurisdiction of the subject matter during the pendency of an appeal. To support its position, Indiana particularly relies on *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 (*Varian*). The argument is unavailing.

*Varian* held "the perfecting of an appeal from the denial of a special motion to strike [(Code Civ. Proc., § 425.16)] automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion." (*Varian, supra*, 35 Cal.4th at p. 186.) *Varian* reasoned that Code of Civil Procedure "section 916, as a matter of logic and policy, divests the trial court of jurisdiction over the subject matter on appeal--i.e., jurisdiction in its fundamental sense. [Citation.] The purpose of the automatic stay under section 916 is to preserve 'the status quo until the appeal is decided' [citation], by maintaining 'the rights of the parties in the same condition they were before the order was made' [citation]. Otherwise, the trial court could render the 'appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]" (*Varian, supra*, 35 Cal.4th at p. 198.)

However, *Varian* does not support Indiana's contention the general statutory provision of Code of Civil Procedure section 916 controls over the statutory scheme governing bail forfeiture. The statutory scheme applicable to summary judgment on bail bonds specifies time limitations that are mandatory and jurisdictional. (See *Sacramento, supra*, 139 Cal.App.3d at p. 565.)

*Sacramento* recognized the strict 90-day time limit in which to enter summary judgment on defaulted bail is inconsistent with a more general provision that imposes a stay pending an appeal. (*Sacramento, supra*, 139 Cal.App.3d at p. 565.) Further, the 90-day time limit for entry of summary judgment serves to restrict the state's power to

8

enforce a forfeiture, which is consistent with the principle that the law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed. (*Id*. at pp. 565-566.) Applying a general statute imposing a stay in the event of an appeal, and thereby extending the time for entry of summary judgment, would be contrary to the intent of the more specific summary judgment statute to place a jurisdictional time limit on the right to enforce a forfeiture.

We recognize that entry of summary judgment on a forfeited bond while an appeal is pending may require a surety to file a second appeal to obtain review of the summary judgment. [4] Nonetheless, because of the strict time limit for entry of summary judgment, a party may be able to file a single notice of appeal encompassing both the order denying the motion to vacate forfeiture and the summary judgment. Or, if it is necessary to file a second notice of appeal, the aggrieved party may seek consolidation of the two appeals.

However, if, as Indiana argues, the surety's filing of notice of appeal divests the trial court of jurisdiction to enter summary judgment on a bond pursuant to Penal Code section 1306, the appeal from the order denying a motion to vacate the forfeiture would have to be fully resolved before any further action could be taken by the trial court. If the appellate court were to affirm the order denying the motion to vacate forfeiture, only then would the trial court be empowered to enter summary judgment on the forfeited bond, following issuance of the remittitur. Entry of summary judgment, following remand, would afford the surety yet another opportunity to appeal. Thus, the rule proposed by Indiana would engender further litigation and delay.

In sum, we find no persuasive reason not to adhere to the holdings in *Wilshire* and *Sacramento*. We likewise conclude the trial court was vested with jurisdiction to enter summary judgment against Indiana, notwithstanding the pendency of Indiana's appeal

---

[4] Although the summary judgment entered on forfeiture of bail is a consent judgment and generally not appealable, an appeal lies if the summary judgment was not entered in accordance with that consent. (*People v. International Fidelity Insurance Co*. (2007) 151 Cal.App.4th 1056, 1059-1060; *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 12, fn. 1.)

from the order denying its motion to vacate the forfeiture. Accordingly, the trial court properly denied Indiana's motion to set aside the summary judgment.[5]

2. *Indiana's contention the trial court erred in sanctioning its attorney is not properly before this court; Indiana was not sanctioned and its counsel did not appeal.*

In the postjudgment order denying Indiana's motion to set aside the summary judgment, the trial court sanctioned Indiana's attorney, John Rorabaugh, in the sum of $500, for an allegedly misleading statement in counsel's reply brief below. On appeal, Indiana contends the trial court erred in imposing monetary sanctions.[6]

We lack jurisdiction to review the sanctions ruling because the sanctioned attorney, Rorabaugh, did not appeal. The sole appellant is Indiana, the defendant surety. However, Indiana is not aggrieved by the sanctions ruling because it was not ordered to pay sanctions (Code Civ. Proc., § 902), and it cannot appeal the sanctions award on Rorabaugh's behalf.

*Calhoun v. Vallejo City Unified School Dist*. (1993) 20 Cal.App.4th 39 (*Calhoun*) is directly on point. *Calhoun* held it lacked jurisdiction to review a sanctions ruling because "the purported appeal is not by the sanctioned attorney, Michael Calhoun, but by the plaintiff, George Calhoun. Subdivision (k) of section 904.1[[7]] authorizes an appeal of a sanction ruling by the party against whom the sanctions were imposed. [Citation.] Thus, any right of appeal was vested in Michael, not George. Had Michael included himself as an additional appellant in George's notice of appeal, we could have construed the notice of appeal liberally in favor of its sufficiency [citations], but Michael did not

---

[5] If the case law's interpretation that Code of Civil Procedure section 916 is inapplicable in this context, the statutory scheme could use clarification. (See *Walnut Valley Unified School Dist. v. Superior Court* (2011) 192 Cal.App.4th 234, 246, fn.8.)

[6] The County takes no position regarding the sanctions and does not address the issue in its respondent's brief on appeal.

[7] See now subdivision (a)(12) and subdivision (b) of Code of Civil Procedure section 904.1.

10

do so.  Absent any attempted appeal by the sanctioned party, the sanction ruling is not . . . reviewable." (*Calhoun, supra*, at p. 42; accord *In re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 38, fn. 1 ["[w]hen a sanctions ruling is imposed only upon a party's attorney, the attorney is the aggrieved party with the right to appeal"].)

Therefore, insofar as Indiana purports to appeal the imposition of monetary sanctions against Rorabaugh, the appeal is dismissed.

### DISPOSITION

The order denying Indiana's motion to set aside the summary judgment on the forfeited bond is affirmed.  Indiana's purported appeal from the sanctions order is dismissed.  The County shall recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

11