Filed 11/19/14  P. v. Internat. Fidelity Ins. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>INTERNATIONAL FIDELITY INSURANCE CO.,<br><br>    Defendant and Appellant. | F067760<br><br>(Super. Ct. No. F10901037)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

John M. Rorabaugh for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Evan A. Merat, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

Defendant and appellant, International Fidelity Insurance Company (International Fidelity), the surety on a bail bond, appeals the order denying its motion to set aside the

summary judgment on a forfeited bond. International Fidelity argues that the summary judgment on the bail forfeiture is void because it was entered while International Fidelity's appeal from the order denying its motion to vacate the forfeiture was pending. According to International Fidelity, the pendency of the appeal from the order denying the motion to vacate the forfeiture deprived the trial court of jurisdiction to enter summary judgment on the forfeited bond.

Under long-standing case authority, an appeal from an order denying a motion to vacate the forfeiture of a bail bond does not stay the power of the trial court to enter summary judgment on that forfeited bond. Contrary to International Fidelity's position, case law broadly applying Code of Civil Procedure section 916 in other situations has not changed this rule. Accordingly, the order denying the motion to set aside the summary judgment will be affirmed.

## BACKGROUND

On March 1, 2010, International Fidelity posted a $400,000 bond for the release of the defendant from custody. When the defendant failed to appear in court on March 15, 2010, the trial court ordered bail forfeited.

Through timely motions filed by International Fidelity, the forfeiture period was extended to March 16, 2011. On March 15, 2011, International Fidelity moved to vacate the forfeiture and exonerate bail. On June 9, 2011, the trial court denied International Fidelity's motion and ordered that summary judgment be entered in respondent's favor.

International Fidelity filed a notice of appeal from this order on June 13, 2011. Summary judgment on the bond was entered on August 5, 2011.

This court affirmed the trial court's denial of International Fidelity's motion to vacate the forfeiture and exonerate bail in a decision filed on January 16, 2013. Remittitur issued on March 18, 2013.

On April 8, 2013, International Fidelity filed the underlying motion to set aside the summary judgment. International Fidelity argued that the trial court was without

2.

jurisdiction to enter summary judgment while the appeal on the order denying International Fidelity's motion to vacate the forfeiture and exonerate bail was pending. This motion was denied.

## DISCUSSION

When a criminal defendant for whom a bail bond has been posted fails to appear, the trial court must declare the bond forfeited in open court. (Pen. Code, § 1305, subd. (a).) Thereafter, the surety that posted the bond has a statutory "appearance" period in which to either produce the accused in court and have the forfeiture set aside or demonstrate other circumstances requiring the court to vacate the forfeiture. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.) If the forfeiture is not set aside by the end of the appearance period, the trial court must enter summary judgment against the surety. (Pen. Code, § 1306, subd. (a).) If "summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (*Id.,* subd. (c).)

Here, when the trial court denied International Fidelity's motion to vacate the forfeiture and exonerate bail on June 9, 2011, the 90-day period in which summary judgment must be entered began. International Fidelity argues that, because it filed a notice of appeal from the denial of its motion to vacate the forfeiture on June 13, 2011, the trial court lacked subject matter jurisdiction to enter the summary judgment on August 5, 2011, and therefore the summary judgment is void. International Fidelity relies on the general rule set forth in Code of Civil Procedure section 916 that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby .…" (*Id.,* subd. (a).) According to International Fidelity, recent case law applying Code of Civil Procedure section 916 in other situations mandates this result.

However, long-standing case law conflicts with International Fidelity's argument. The first court to rule on this issue in a published opinion was the appellate department of

3.

the Los Angeles Superior Court in *County of Los Angeles v. Wilshire Ins. Co.* (1979) 103 Cal.App.3d Supp. 1 (*Wilshire*). In rejecting the claim that the trial court lacked jurisdiction to enter summary judgment on the bail bond because an appeal was pending from an order denying a motion to vacate the forfeiture, the court noted that if the trial court had not entered summary judgment within the 90-day period provided by Penal Code section 1306, the bond would have been exonerated and the bail lost to the people of the State of California. (*Wilshire, supra,* 103 Cal.App.3d at p. Supp. 3.) The court reasoned that the statutory scheme with respect to forfeiture of a bail bond and the entry of summary judgment is specific and does not provide that appeal from the forfeiture stays the power of the court to enter summary judgment. The court therefore concluded that "[t]his specific statutory scheme prevails over the general provisions of Code of Civil Procedure section 916, subdivision (a)." (*Ibid.*)

In *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561 (*Sacramento*), the court agreed with *Wilshire*. The court concluded that, "considering the express language of Penal Code section 1306 and applying established rules of statutory construction," an appeal from the trial court's refusal to vacate a forfeiture does not stay the power of the court to enter summary judgment. (*Sacramento, supra,* 139 Cal.App.3d at p. 565.) The court reasoned that Penal Code section 1306 places the responsibility for entering summary judgment on defaulted bail on the court, unequivocally limits the time within which the judgment may be entered, and provides that the right to enter the judgment terminates when that time limit has expired. The court found that this section is clear and unambiguous and imposes a jurisdictional 90-day time limit on the entry of summary judgment. (*Sacramento, supra,* at p. 565) Moreover, the court noted, "statutory provisions relating to time generally will be construed as mandatory where consequences or penalties are attached to the failure to observe the provision within a given time." (*Id.* at pp. 565-566.)

4.

In the recent case of *People v. Indiana Lumbermens Mutual Ins. Co.* (2014) 226 Cal.App.4th 1 (*Indiana*), the court was faced with the identical issue and arguments. There, as here, relying particularly on *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180 (*Varian*), the bail bond surety argued that case law's broad application of Code of Civil Procedure section 916 required a departure from *Wilshire* and *Sacramento*. The *Indiana* court concluded that this argument was unavailing. (*Indiana, supra,* 226 Cal.App.4th at p. 8.)

In *Varian*, the court held that an appeal from the denial of a special motion to strike under the anti-SLAPP statute automatically stays all further trial court proceedings on the merits on the causes of action affected by the motion. (*Varian, supra,* 35 Cal.4th at p. 186.) The court noted that "[o]therwise, the trial court could render the 'appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.'" (*Id*. at p. 198.)

Nevertheless, the *Indiana* court concluded that *Varian* did not support the bail bond surety's "contention the general statutory provision of Code of Civil Procedure section 916 controls over the statutory scheme governing bail forfeiture." (*Indiana, supra,* 226 Cal.App.4th at p. 9.) Rather, the statute governing summary judgment on bail bonds specifies a strict 90-day time limit that is mandatory and jurisdictional. The court recognized that this limit is inconsistent with a more general provision that imposes a stay pending an appeal. Accordingly, "[a]pplying a general statute imposing a stay in the event of an appeal, and thereby extending the time for entry of summary judgment, would be contrary to the intent of the more specific summary judgment statute to place a jurisdictional time limit on the right to enforce a forfeiture." (*Indiana, supra,* 226 Cal.App.4th at p. 9.)

The *Indiana* court's analysis is sound. International Fidelity has not provided a persuasive reason to depart from the long-standing case law. Thus, the trial court had jurisdiction to enter summary judgment against International Fidelity notwithstanding the

pendency of International Fidelity's appeal from the order denying its motion to vacate the forfeiture.  Therefore, the trial court properly denied International Fidelity's motion to set aside the summary judgment.  (Cf. *Indiana, supra,* 226 Cal.App.4th at p. 10.)

## DISPOSITION

The order denying International Fidelity's motion to set aside the summary judgment on the forfeited bond is affirmed.  Costs on appeal are awarded to respondent.


_____

LEVY, Acting P.J.

WE CONCUR:


_____

CORNELL, J.


_____

GOMES, J.