Filed 11/10/15  McKenzie v. Yuba Community College Dist. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| BARBARA McKENZIE, | C074567 |
| Plaintiff and Appellant, | (Super. Ct. No. YCSCCVCV 12-0000491) |
| v. | |
| YUBA COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

The trial court sustained a demurrer (without leave to amend) filed by defendant Yuba Community College District (District), and sanctioned counsel for plaintiff Barbara McKenzie over $37,000.  McKenzie timely appealed from the judgment.  We conclude that we lack jurisdiction to review the sanctions order against counsel, and that the trial court correctly sustained the demurrer without leave to amend to McKenzie's third amended complaint purporting to allege a claim under the California Family Rights Act (CFRA) (Gov. Code, § 12945.2).  Accordingly, we shall affirm.

1

# BACKGROUND

McKenzie's counsel has provided a clearly inadequate statement of the background of this case, but the District's brief and our review of the record clarifies the case, as follows.

*Procedural Background*

In 2010, McKenzie filed a complaint alleging disability and gender discrimination, and violation of the CFRA. She alleged she was constructively discharged on or about August 7, 2008, based on the District's alleged actions as we describe *post*, and that she received a right-to-sue letter on August 5, 2009, from the Department of Fair Employment and Housing (DFEH).

Following an unseemly delay due to McKenzie's counsel's failure to file this case in the right county, and after the District demurred for lack of specificity, McKenzie filed an amended complaint alleging she was terminated on August 7, 2008, and on August 5, 2009, received a right-to-sue letter.

The District again demurred for lack of specificity. The demurrer was sustained on this ground with leave to amend.

McKenzie filed a second amended complaint, again pleading she was terminated on August 7, 2008, and received her right-to-sue letter on August 5, 2009.

The District again demurred for lack of specificity. However, this demurrer also raised a statute of limitation defense as to some claims, for conduct occurring more than one year before the issuance of the August 5, 2009 right-to-sue letter. McKenzie opposed the demurrer in part by relying on the "continuing violation" doctrine. In reply, the District contended the complaint did not plead facts supporting application of that doctrine.

This demurrer was sustained for lack of specificity, with leave to amend granted to cure defects outlined by the trial court, including the requirement that McKenzie allege "if she can, exhaustion of administrative remedies as to the CFRA claim."

2

McKenzie filed her third amended complaint, alleging gender discrimination, sexual harassment, and violation of CFRA, again alleging she was discharged on August 7, 2008, and on August 5, 2009, "within one year of [the] last discriminatory, harassing or retaliatory action," received a right-to-sue letter. Disregarding the trial court's prior ruling, this complaint did not allege exhaustion of remedies as to the CFRA claim.

The District again demurred for lack of specificity, and again raised a statute of limitation defense, but this time based on a new fact: McKenzie had previously received a right-to-sue letter *on July 1, 2008,* before she received what was actually her *second* right-to-sue letter on August 5, 2009. The District also contended (correctly) that McKenzie's DFEH claim, as described in her complaint, alleged "sex discrimination, harassment and retaliation" but did not reference a CFRA claim, and therefore she did not plead exhaustion as to that claim. In support of this demurrer, the District sought judicial notice of documents, including McKenzie's 2008 DFEH claim and ensuing right-to-sue letter.

The District then moved for sanctions against McKenzie and her counsel for concealing the existence of the first DFEH claim.

In response to the demurrer, McKenzie dismissed her claims alleging gender discrimination and sexual harassment, but defended her CFRA claim, again partly seeking shelter under the "continuing violation" doctrine.

The trial court sustained the demurrer without leave to amend. The trial court sanctioned McKenzie's counsel personally in the amount of legal fees and costs claimed by the District--over $37,000--but did not sanction McKenzie.

McKenzie's counsel filed a notice of appeal on McKenzie's behalf, but not on counsel's behalf, listing both the judgment of dismissal after the demurrer and the order granting sanctions as the appealable judgment or order supporting the appeal.

*Factual Background*

The third amended complaint--which replicated prior complaints in large measure--details allegations of some claims that have been dismissed. We extract allegations pertaining to the remaining CFRA claim, although there is some factual overlap in the complaint.

McKenzie was employed by the District for a long time. In 2007, after she ended a sexually-charged relationship with Al Alt, the Human Resources Director and Vice Chancellor, Alt began to demean her publicly and unfairly criticize her work. This caused her to suffer anxiety, stress, and depression, which worsened after she returned from sick leave. In 2008, McKenzie exercised her CFRA leave rights to care for her terminally ill father. However, while McKenzie was on leave--and despite her protests--Alt required her to attend meetings and continually contacted her to needlessly criticize some task which she had performed or ask some question. When Alt told McKenzie she had to attend a meeting on August 8, 2008, which conflicted with her father's medical care schedule and refused to move the meeting or allow McKenzie to miss the meeting, McKenzie "wrote a letter of said effect, to Alt" on August 7, 2008, which she alleged effected her constructive termination.[1] McKenzie pleaded that she received her right-to-sue letter on August 5, 2009, but alleged her DFEH complaint alleged sex discrimination, harassment and retaliation, *not* that it alleged a violation of the CFRA. She alleged her complaint showed "a continuous pattern" of violation of CFRA rights.

---

[1] The third amended complaint alleges the required meeting was set for *April* 8, 2008, but this appears to be a typographical error that instead should read *August* 8.

4

## DISCUSSION

### I

### *Sanctions*

We address the appeal from the sanctions order first, as it is quickly dispatched.

Because McKenzie was not sanctioned, she is not aggrieved by the order, and because her counsel did not appeal from it, we lack jurisdiction to entertain his challenges to it. (See *People v. Indiana Lumbermens Mutual Ins. Co*. (2014) 226 Cal.App.4th 1, 10-11; *In re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 38, fn. 1; *Calhoun v. Vallejo City Unified School Dist*. (1993) 20 Cal.App.4th 39, 41-42.)

McKenzie's counsel failed to address this issue in his opening brief. In the reply brief he cites cases where *both* the attorney and client were ordered to pay sanctions. In such cases, an appellate court may liberally interpret a notice of appeal that omits the attorney's name to embrace both the attorney and the client, because both are aggrieved by the sanctions order. (See *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 973-974; *Cromwell v. Cummings* (1998) 65 Cal.App.4th Supp. 12, 15 ["In the absence of prejudice to defendant, we deem the notice of appeal to include an undesignated attorney who was found jointly and severally liable for sanctions"].) These authorities are inapposite because in this case only counsel was sanctioned.

Accordingly, we lack jurisdiction to review the sanctions order.

### II

### *Demurrer*

In reviewing a judgment based on a demurrer, we accept well-pleaded facts, but not adjectival descriptions or legal conclusions, to determine whether a cause of action exists. (See *Blank v. Kirwin* (1985) 39 Cal.3d 311, 318; *Smyth v. USAA Property & Casualty Ins. Co*. (1992) 5 Cal.App.4th 1470, 1473.) We take as true "the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken" (*Fremont Indemnity Co. v.*

5

*Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111) and ignore "deductions or conclusions of law" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 (*Aubry*)).

The trial court's order sustaining the demurrer recites that it was made "in accordance with the specific reasoning announced" in open court. McKenzie has not provided a reporter's transcript or settled statement reflecting what that reasoning was. It was her burden, as the appellant, to supply an adequate record. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 [a settled statement could have been supplied in lieu of a reporter's transcript].) "To the extent the record is incomplete, we construe it against [the appellant]." (*Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498.) Accordingly, we presume the trial court granted the District's request for judicial notice of documents in sustaining the demurrer and presume the trial court sustained the demurrer on all permissible grounds.

As we will explain, we find the demurrer was properly sustained on two grounds; failure to plead with specificity facts showing constructive discharge and exhaustion of administrative remedies. Because "[t]he judgment must be affirmed 'if any one of the several grounds of demurrer is well taken' " (see *Aubry*, *supra,* 2 Cal.4th at p. 967), either of these two grounds would be sufficient standing alone. Thus we need not address McKenzie's remaining arguments at any length.

Constructive discharge cannot be pleaded without *facts* demonstrating such discharge occurred; the phrase "constructive discharge" is a legal conclusion arising from well-pleaded facts, not a well-pleaded fact of itself.

As the trial court's prior demurrer rulings emphasized, because the complaint was not based on common law theories, but on a statutory scheme, it was incumbent on McKenzie to be *specific* in her allegations. (See *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 [" 'to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity' "] (*Lopez*); *Fischer v. San Pedro Peninsula Hosp.* (1989) 214 Cal.App.3d

6

590, 604 [FEHA case, "facts in support of each of the requirements of a statute upon which a cause of action is based must be specifically pled"] (*Fischer*).)

"In order to amount to a constructive discharge, adverse working conditions must be unusually 'aggravated' or amount to a 'continuous pattern' before the situation will be deemed intolerable." (*Turner v. Anheuser-Busch, Inc*. (1994) 7 Cal.4th 1238, 1247 (*Turner*).) A constructive discharge occurs when " 'a reasonable person faced with the allegedly intolerable employer actions or conditions of employment would have no reasonable alternative except to quit.' " (*Id*. at p. 1248.) "A constructive discharge is the practical and legal equivalent of a dismissal--the employee's resignation must be *employer*-coerced, not caused by the voluntary action of the employee or by conditions or matters beyond the employer's reasonable control." (*Ibid*.)

McKenzie alleged one occasion where a meeting conflicted with her father's care schedule, and described other meetings and criticisms cursorily and vaguely, despite multiple sustained demurrers on the ground of lack of specificity. Those vague allegations are of no legal effect. And setting one meeting that conflicted with McKenzie's father's care schedule does not show a continuing pattern so as to cause an objectively reasonable employee to " 'have no reasonable alternative except to quit.' " (*Turner*, *supra*, 7 Cal.4th at p. 1248.) McKenzie could have stood on her CFRA rights. Her "resignation was voluntary and strategic" (*id*. at p. 1255), it was not compelled *by the employer*. " 'In order to properly manage its business, every employer must on occasion review, criticize, demote, transfer, and discipline employees.' " (*Turner*, *supra*, 7 Cal.4th at p. 1255, quoting *Cole v. Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160.) This allegation was insufficient to provide the required specificity to the pleading.

Further, as reflected above, McKenzie's complaint did not plead that she alleged a CFRA violation in her 2009 DFEH complaint, an omission called to her attention by the trial court in its ruling on the prior demurrer and briefed in the District's points and authorities in support of the final demurrer. McKenzie's opposition to that last demurrer

7

did not address this point. The parties do not dispute that the CFRA claim is subject to DFEH exhaustion requirements. (See 2 Chin et al., Cal. Practice Guide: Employment Litigation (The Rutter Group 2014) ¶ 12.1370, p. 12-176 ["Because the CFRA is part of the Fair Employment and Housing Act ('FEHA'), the enforcement procedures and remedies available for its violation are the same as for other FEHA violations"].) The failure to plead exhaustion of her CFRA claim is fatal. (See *Mora v. Chem-Tronics, Inc.* (S.D. Cal. 1998) 16 F.Supp.2d 1192, 1201.)  Accordingly, the failure to plead CFRA exhaustion is also sufficient ground to support the judgment.[2]

McKenzie also addresses the continuing violations doctrine, to argue her complaint is not time-barred. Contrary to her view in the trial court and on appeal--in the face of cited contrary authority--our Supreme Court has determined that whether the continuing violation doctrine applies *can* be resolved on demurrer.  (See *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1198 (*Aryeh*).)  It does not apply herein, due to the vague pleading at issue.

McKenzie argues the doctrine applies to "a continuing pattern of CFRA violative conduct" between July 2, 2008 (i.e., the day after McKenzie's first DFEH complaint) and August 7, 2008 (her discharge).  McKenzie relies in part on *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, which she describes as defining the doctrine, but conveniently ignores the language in that case requiring her to show that futility of further attempts on her part to end the allegedly violative conduct. (See *id.* at p. 823 [requiring "that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment

---

[2] The second DFEH claim, dated August 5, 2009, included in the papers supporting the *sanctions* motion, but not the *demurrer*, mentions "CFRA leave violations."  But McKenzie did not *allege* CFRA exhaustion in her final complaint, despite being advised to do so--if she could--by the trial court in its ruling on the prior demurrer.

8

will be futile"].)  McKenzie has not pleaded facts showing that further conciliatory dialogue with the District would have been futile.

Further, our Supreme Court has held that the continuing violation doctrine does not apply where an employee *knows* of her rights.  (*Aryeh*, *supra*, 55 Cal.4th at p. 1198.) Generally speaking, a DFEH complaint must be filed within one year of the alleged misconduct.  (See Gov. Code, § 12960, subd. (d); *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492.)  As the District emphasized in its papers supporting the demurrer, the pleaded facts show there is a two-day window between the one year triggered by McKenzie's (second) right-to-sue letter (dated August 5, 2009) and her alleged constructive discharge on August 7, 2008, and the complaint does not allege sufficient facts occurring during that window that would qualify.  Instead, as indicated *ante*, she vaguely pleaded that "Alt continued to contact and make work related demands on Plaintiff throughout the CFRA leave" and told her she was "required" to attend a meeting on August 8, 2008 (but see fn. 1, *ante*), which conflicted with her father's medical care.  These allegations, although similar in kind (see *Trovato v. Beckman Coulter, Inc.* (2011) 192 Cal.App.4th 319, 326), do not allege *with specificity* a "continuing violation."  (See *Lopez*, *supra*, 40 Cal.3d at p. 795; *Fischer*, *supra*, 214 Cal.App.3d at p. 604.)  They are vague and conclusory, which does not suffice.

Finally, as the District notes, nowhere in her briefing does McKenzie explain what facts she would plead if given further leave to amend, therefore she has forfeited the point.  (See *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 889-890; *Schultz v. Steinberg* (1960) 182 Cal.App.2d 134, 140-141.)  To the extent that counsel requested leave to amend the complaint for the first time at oral argument, such request comes too late.  (See *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 167, fn. 8.)

Accordingly, the trial court did not abuse its discretion in sustaining the demurrer to the third amended complaint without leave to amend.

9

## DISPOSITION

The judgment is affirmed.  McKenzie shall pay the District's costs of this appeal. (See Cal. Rules of Court, rule 8.278 (a)(2).)


　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　Duarte, J.


We concur:


　　　/s/
Raye, P. J.


　　　/s/
Hoch, J.