Filed 1/7/16  P. v. The North River Insurance Co. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |
|---|

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B260899 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SJ3990) |
| THE NORTH RIVER INSURANCE CO. et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

David R. Fields, Judge.  Dismissed.

Jefferson T. Stamp for Defendants and Appellants.

Office of the County Counsel, Ruben Baeza, Jr., Assistant County Counsel and

Jessica C. Rivas, Senior Associate County Counsel for Plaintiff and Respondent.

This is an appeal from a summary judgment pursuant to Penal Code[1] section 1306, subdivision (a), following the forfeiture of a bail bond.  We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2012, The North River Insurance Company (surety) through its agent Bad Boy Bail Bonds (collectively, appellants) issued a bail bond in the amount of $30,000 securing the appearance of Juan Rodriguez in *People v. Rodriguez*, Superior Court case no. PA073799-01.  The bond secured Rodriguez's appearance throughout the pendency of the criminal case, including for pronouncement of judgment or grant of probation.  The bond also stated that if forfeiture of the bond is ordered by the trial court, "judgment may be summarily made and entered forthwith" against the surety for $30,000.

On June 14, 2012, Rodriguez appeared at his arraignment and requested and received a 60-day continuance of the arraignment to allow him to hire private counsel.  The court then ordered Rodriguez to appear at the continued arraignment on August 13, 2012.

Although Rodriguez's newly-hired private attorney appeared at the August 13, 2012 arraignment, Rodriguez failed to appear and the court ordered the bond forfeited.  In compliance with the provisions of section 1305, the court mailed notice of the bond forfeiture to appellants on August 14, 2012.  The court granted several requests by the appellants to extend the 180-day appearance period set forth in section 1305.  After appellants eventually concluded Rodriguez could not be located, the court entered summary judgment on the bond on November 19, 2014.[2]  The court mailed notice of entry of judgment to appellants on November 20, 2014.  Appellants timely filed a notice of appeal on December 17, 2014.

---

[1]  All subsequent code references are to the Penal Code.

[2]  None of the parties challenges the court's authority to order multiple extensions of the 180-day appearance period under section 1305.4.  We express no opinion regarding the propriety of those orders.

2

After an initial review of the briefs and the record in this appeal, we issued a letter pursuant to Government Code section 68081, directing the parties to address an issue not raised in the appellate briefs: whether appellants properly appeal the summary judgment since they do not contend that the court failed to comply with section 1305 or 1306.

## DISCUSSION

Summary judgment on a bail bond is a consent judgment and ordinarily is not appealable; however, in the limited circumstance where the judgment is not entered according to the terms of the consent phrase stated on the bail bond, the judgment is appealable. (See, e.g., *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 (*Wilshire*); *People v. Indiana Lumbermens Mutual Ins. Co.* (2014) 226 Cal.App.4th 1, 9, fn. 4.) In this case, the following consent language appears on the bail bond: "If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said THE NORTH RIVER INSURANCE COMPANY for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code."

"It is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.) Section 1305 relates primarily to bond forfeiture. Among other things, section 1305 provides that in all cases in which the bond exceeds $400, the clerk of the court must mail notice of the bond forfeiture to the surety and the bail agent within 30 days of forfeiture and at the addresses printed on the bond. (§ 1305, subd. (b).) That section also expressly provides that the surety is "released of all obligations under the bond" if the court fails to comply with the statute's notice requirements. (§ 1305, subd. (b)(1)-(3).) Our courts have also held that strict compliance with statutory notice requirements is critical. For example, section 1305, subdivision (a), requires the court to announce the bond forfeiture "in open court," and our courts have held that the failure to do so will invalidate the bond forfeiture. (*People v. National Automobile & Casualty Ins. Co.* (2002) 98 Cal.App.4th 277, 288-291.)

3

Section 1306, by contrast, relates to the entry of judgment. For example, section 1306, subdivision (a), gives the court authority to enter summary judgment following bond forfeiture. Subdivision (c) requires the court to enter that judgment within 90 days after the date upon which judgment may first be entered, and further provides that after 90 days, "right to [enter judgment] expires and the bail is exonerated." (§ 1306, subd. (c); see *County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 796.) In short, because the law disfavors forfeitures, the procedural duties set out in sections 1305 and 1306 are jurisdictional prescriptions and are strictly construed in favor of the surety. (See *Wilshire, supra*, 46 Cal.App.3d at pp. 219-220.) Failure to adhere to the requirements set forth in sections 1305 and 1306 renders any subsequently entered judgment void. (*Id*. at p. 221.)

Here, appellants challenge the summary judgment based upon their contention that the court improperly granted a continuance of the arraignment in the underlying criminal action--a matter wholly unrelated to the court's compliance with sections 1305 and 1306. Accordingly, this appeal does not fit within the limited exception to the general rule that a summary judgment on a bail bond is not appealable.

Even if the summary judgment is appealable, there is no merit to appellants' contention that the court lost jurisdiction over the bail bond because it had no authority to continue the arraignment for two months to allow Rodriguez to obtain private counsel. As noted by the People, trial courts have broad discretion in granting continuances. (*People v. Garcia* (2011) 52 Cal.4th 706, 758.) In light of the fact that Rodriguez appeared in person at his initial arraignment hearing, was charged with non-violent drug offenses, and was able to post a $30,000 bail bond, the court did not abuse its discretion in continuing the arraignment for two months to allow him to retain private counsel. (See *People v. Courts* (1985) 37 Cal.3d 784 [court erred in depriving defendant of his right to counsel of his choice where defendant was diligent in his efforts to secure counsel of his own choosing and apprised the lower court of his wishes at the earliest possible time, and where a continuance would not have significantly

4

inconvenienced the lower court or parties].)  Accordingly, the court did not lose jurisdiction over the bail bond by continuing the arraignment.

## DISPOSITION

The appeal is dismissed.  Respondent shall recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

5