[No. B226042. Second Dist., Div. Two. Nov. 3, 2011.]

THE PEOPLE, Plaintiff and Appellant, v.
THE NORTH RIVER INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Ralph L. Rosato, Assistant County Counsel, Brian T. Chu, Deputy County Counsel, and Liliana Campos, Associate County Counsel, for Plaintiff and Appellant.

Campeau Goodsell Smith and Gregory J. Charles for Defendant and Respondent.

OPINION

**CHAVEZ, J.**—The County of Los Angeles (county) appeals from an order granting The North River Insurance Company's (bail agent) motion to set aside summary judgment, discharge forfeiture and exonerate bail. The county raises a single issue on appeal: whether the trial court erred as a matter of law in finding Code of Civil Procedure section 473 (section 473) applicable in this bail forfeiture proceeding. We find no error, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Both parties to this appeal agree that the facts are not in dispute.

On September 19, 2008, Benigno Madriles (defendant Madriles) was charged with one count of violation of Penal Code section 459. On September 25, 2008, bail agent posted a bail bond in the amount of $50,000 for defendant Madriles's release. Defendant Madriles was ordered to appear on February 10, 2009, for probation and sentencing. Defendant Madriles failed to appear and the court ordered the bail forfeited and also issued a bench warrant and printed a notice of bail forfeiture addressed to the surety and bail agent. The notice informed bail agent that its contractual obligation to pay the

bond would become absolute on the 186th day following the date of mailing of the notice.[1] That day fell on August 17, 2009.

On July 22, 2009, bail agent noticed a motion to extend the appearance period pursuant to Penal Code section 1305.4. On August 25, 2009, the motion was granted, and the appearance period was extended to February 19, 2010.

On February 9, 2010, prior to the expiration of the new appearance period, bail agent filed a motion to vacate forfeiture and exonerate bail (motion) on the grounds that relief from forfeiture was warranted under Penal Code section 1305, subdivision (g). Alternatively, bail agent sought tolling of the appearance period pursuant to Penal Code section 1305, subdivision (e). The motion was set for hearing on February 23, 2010.

On February 9, 2010, bail agent also contacted Kenneth Weston (Weston), an attorney located in the Los Angeles area, whom bail agent regularly contacted to appear on bail motions on its behalf, and retained him to appear on the motion at the February 23, 2010 hearing.

Weston failed to appear at the hearing. He later declared that his failure to appear was a result of having not received the motion, as requested from bail agent, until after summary judgment was entered.

On February 23, 2010, the superior court noted that bail agent had not appeared nor called the court. The matter was taken off calendar.

On February 25, 2010, bail agent contacted the court and was informed that the matter had been taken off calendar due to its nonappearance. At bail agent's request, the matter was put back on calendar for March 2, 2010.

On March 1, 2010, the court entered summary judgment on the forfeited bond, and mailed notice of judgment on the same date. On March 2, 2010, the court refused to hear bail agent's motion, since the matter had been summarily adjudicated the previous day.

On April 6, 2010, bail agent filed a motion to set aside summary judgment, discharge forfeiture, and exonerate bail (motion to set aside summary judgment) pursuant to section 473 on the grounds of attorney mistake, inadvertence, surprise or excusable neglect. Weston filed a declaration in support of

---

[1] The period of 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. During the appearance period, the surety may move to vacate the forfeiture and exonerate the bond. (Pen. Code, § 1305, subds. (b) & (c)(1).)

the motion, explaining his failure to appear due to the fact that he never received the motion by mail. The county opposed the motion, arguing that section 473 relief was not available to bail agent, summary judgment was not premature, and that the bond should not be exonerated.

Bail agent's motion to set aside summary judgment was heard on May 21, 2010. The court found that section 473 relief was available to bail agent and that the declaration of Weston showed excusable neglect or mistake. The court continued the matter to June 25, 2010, to hear bail agent's motion for relief from forfeiture.

The county filed a motion of nonopposition to bail agent's motion to vacate the forfeiture. On June 25, 2010, the court granted bail agent's motion.

On July 16, 2010, the county filed its notice of appeal.

## DISCUSSION

### I. *Standard of review*

The county has presented a single issue on appeal: whether section 473 relief is available in the context of this bail bond forfeiture proceeding. Our review of this question is de novo. (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151 [92 Cal.Rptr.3d 516] [trial court's interpretation of a statute on uncontested facts concerns a pure question of law and is subject to de novo review].)

### II. *Statutes governing bond forfeiture*

■ "The statutory scheme governing bail forfeitures is found in Penal Code section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. [Citation.]" (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1074 [30 Cal.Rptr.3d 686], fn. omitted.)

In interpreting these statutes, we must bear in mind that " '[t]he law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] Thus, Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' " (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

■ Pursuant to Penal Code section 1305, subdivisions (b) and (c), the trial court must set aside a forfeiture of bail and exonerate the bond if the

defendant appears or is surrendered to custody by the bail agent within 185 days after the notice of forfeiture is mailed by the clerk of the court. As set forth above, this 185-day period is known as the appearance period. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658 [16 Cal.Rptr.3d 76, 93 P.3d 1020].)

If the appearance period elapses without the forfeiture having been set aside, the trial court must enter summary judgment against the surety. (Pen. Code, § 1306, subd. (a).) However, if a motion to vacate the forfeiture and exonerate the bond is timely filed, it may be heard within 30 days after the expiration of the appearance period. (§ 1305, subd. (i).) (See *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 768 [7 Cal.Rptr.3d 887] ["Holding the hearing after the exoneration period has expired does not extend that period, which is the period of time for filing a motion to vacate and establishing the grounds for relief, but does extend the time to actually set aside the forfeiture."].) If the trial court fails to enter summary judgment within 90 days after the date upon which it may first be entered, it loses the right to do so. (Pen. Code, § 1306, subd. (c).)

III. *Section 473*

■ Section 473 provides that a court may relieve a party or his or her legal representative from a judgment, dismissal, order or other proceeding taken against a party due to "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Mandatory language in section 473, subdivision (b) provides that a court "shall" vacate any default, default judgment or dismissal entered because of an attorney's mistake, inadvertence, surprise, or neglect. " ' "[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits." [Citation.]' " (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 371 [30 Cal.Rptr.3d 558, 114 P.3d 795] (*Maynard*).) " '[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default.' [Citation.]" (*Maynard*, at pp. 371–372.)

"Notwithstanding the broad construction afforded section 473, subdivision (b), the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature. [Citations.]" (*Maynard, supra*, 36 Cal.4th at p. 372.) Generally, section 473 does not apply to a party's failure to comply with the applicable limitations period in which to institute an action, nor can it extend the time in which a party must move for a new trial. (*Maynard*, at p. 372.)

IV. *Applicability of section 473 to this proceeding*

The sole question presented in this appeal is whether the trial court erred as a matter of law in determining that section 473 could properly be applied in

this bond forfeiture proceeding. The county argues that relief under section 473 is not available to set aside a judgment forfeiting bail.

### A. *California case law*

The county relies primarily on *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380 [31 Cal.Rptr. 208] (*Stuyvesant*). In *Stuyvesant*, the defendant failed to appear for his continued trial and the bond at issue was ordered forfeited.

One hundred twenty-three days after the forfeiture, the bail agent moved the court to set aside the forfeiture and exonerate bail.[2] The bail agent argued that it had only just learned that the pending matters against the defendant had been dismissed. The State of California objected to the granting of the motion on the ground that it was not made within the 90-day appearance period. (*Stuyvesant, supra*, 216 Cal.App.2d at p. 381.) Nevertheless, the trial court granted the bail agent's motion.

The Court of Appeal concluded that the trial court's decision had to be reversed because the bail agent's relief was not timely sought. The court determined that relief under section 473 was not available to the bail agent, because " '[t]he obligations of bail are governed by the statutes specially applicable thereto.' " (*Stuyvesant, supra*, 216 Cal.App.2d at p. 382.) The court explained that since a judgment against bail is taken by consent, "the obligation assumed by the bail is absolute but for the defenses set forth in section 1305 of the Penal Code and even these must be asserted within the 90-day period before the court loses jurisdiction." (*Stuyvesant*, at p. 382.)

*Stuyvesant* is distinguishable. Unlike the bail agent in *Stuyvesant*, bail agent here did not simply permit the appearance period to run without requesting relief. Instead, bail agent in this matter timely petitioned for relief within the appearance period. Thus—in contrast to *Stuyvesant*—the court had not lost jurisdiction over the matter. Although the motion was temporarily taken off calendar, the court retained jurisdiction to hear it for a period of up to 30 days past the expiration of the appearance period and the matter was recalendared and set for hearing within this statutory timeframe. (Pen. Code, § 1305, subd. (i).)[3]

---

[2] Penal Code section 1305 on January 12, 1965, provided for a 90-day period in which the defendant or the surety had to act. It was later amended to 180 days. (Stats. 1965, ch. 206, § 1, p. 1171, effective Sept. 17, 1965.)

[3] " 'Off Calendar' is not synonymous with 'dismissal.' 'Off' merely means a postponement whereas a 'dismissal' in judicial procedure has reference to a cessation of consideration." (*Guardianship of Lyle* (1946) 77 Cal.App.2d 153, 156 [174 P.2d 906].)

■ *Stuyvesant* does not suggest that section 473 is inapplicable where, as here, the bail agent has made a timely motion for relief from forfeiture and set the matter for a timely hearing.

Quoting from *Stuyvesant*, the county likens the statutory appearance period set forth in Penal Code section 1305 to "the guillotine action of the operative statute of limitations," from which no Code of Civil Procedure section 473 relief is available. (*Stuyvesant, supra,* 216 Cal.App.2d at p. 381.) However, the statute of limitations analogy is not helpful to the county under the circumstances of this case. Bail agent timely filed its motion to vacate forfeiture, thus avoiding the "guillotine action" of Penal Code section 1305. And, as set forth above, section 1305, subdivision (i) specifies that a motion timely filed within the appearance period may be heard within 30 days of the expiration of that period. Bail agent's motion, which was recalendared for March 2, 2010, was set to be heard within 30 days after the February 19, 2010 expiration date of the appearance period in this matter. Thus, bail agent had taken the necessary steps to avoid forfeiting its rights under the relevant statutes.[4]

The county argues that bail agent was required not only to petition for relief from forfeiture during the appearance period, but also to make its section 473 motion for relief within that timeframe. The county correctly points out that Michelle Mangone, agent for bail agent, declares that she did not discover the fact that Weston failed to appear on bail agent's motion and that the motion was taken off calendar by the court until February 25, 2010, two days after the expiration of the appearance period. The county argues that, to have been valid, any motion for relief under section 473 should have been filed before the expiration of the appearance period.

We find no support for this in *Stuyvesant*. The *Stuyvesant* court was properly concerned with the fact that *no relief at all* had been sought within

---

[4] The county also cites to *People v. National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 153 [51 Cal.Rptr. 212] (*National*) which stated: "The relief from default provided by section 473 of the Code of Civil Procedure does not apply since 'The obligations of bail are governed by the statute specially applicable thereto.' [Citations.]" At the time that the *National* case was pending, the appearance period was 90 days, as explained in footnote 2, *ante.* Bail was forfeited on January 28, 1964, and the appellant had timely moved to set aside the forfeiture on April 23, 1964. However, the matter was not calendared to be heard until May 29, 1964—after the statutory period had expired. (*National,* at pp. 153–154.) For this reason, the trial court entered summary judgment. The Court of Appeal agreed that the trial court was without jurisdiction to hear the motion on the hearing date, and that section 473 could not provide relief from this mandatory jurisdictional deadline. As the county admits, *National* has been superseded by statute on this point, and now a timely filed motion for relief from forfeiture may be heard up to 30 days past the expiration of the appearance period. In this matter, bail agent's motion was set to be heard within 30 days past the expiration of the appearance period, therefore the trial court had jurisdiction to hear it. Thus, *National* does not convince us that section 473 is inapplicable under the circumstances of this case.

the statutory appearance period. It did not consider the application of section 473 where, as here, the statutory deadline had been met.

 Section 473 contains its own relevant time restrictions. A motion for relief under section 473 must be brought "within a reasonable time, in no case exceeding six months," or, in the case of a judgment, dismissal, order, or other proceeding determining the ownership or right to possession of real or personal property, 90 days after service of specific notice to the party against whom the action was taken. (§ 473, subd. (b).) Bail agent's motion, which was filed just over one month after the summary judgment order was entered, fell within section 473's time limits and was properly considered by the trial court.

### B. *Intent of the statutes*

The county next argues that section 473 is not intended to apply to bail proceedings where judgments are obtained by consent and the proceedings are not adversarial in nature. In bail proceedings, the county argues, a summary judgment is a consent judgment entered based upon the language of the bond providing consent to the court that the entry of judgment may be entered without a hearing. (*People v. Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 236–237 [147 Cal.Rptr. 65].) In addition, the county argues, bail proceedings are not adversarial in nature. (*County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 967 [195 Cal.Rptr. 554] [holding that the general summary judgment statute, Code Civ. Proc., § 437c, does not apply in bail bond forfeiture proceedings because the surety has consented that summary judgment may be entered against it if the provisions of Pen. Code, §§ 1305 & 1306 are met].)

Bail agent cites *People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1060 [60 Cal.Rptr.3d 355], for the proposition that a summary judgment on a bond is not a consent judgment if it is not entered in accordance with the bail agent's specific consent. Here, bail agent argues, bail agent contested the propriety of summary judgment through its timely motion therefore the summary judgment was not entered pursuant to bail agent's consent.

 We find that the precise nature of the judgment is not determinative. Nothing in the language of section 473 suggests that it is not intended to apply to consent judgments. In fact, section 473 has been held to apply to consent judgments. (*Stevens v. Stevens* (1968) 268 Cal.App.2d 426, 435 [74 Cal.Rptr. 54] (*Stevens*) ["[o]f course the grounds available under section 473 for relief from a judgment taken against a party through his mistake, inadvertence, surprise or excusable neglect, . . . are applicable to consent

judgments . . ."].)[5] The Supreme Court's directive that the provisions of section 473 must be liberally construed suggests that application of the statute should not be restricted to matters that are explicitly adversarial. (See *Maynard, supra*, 36 Cal.4th at p. 371.)

The county argues that forfeiture and exoneration of bail is entirely a statutory procedure, governed entirely by the special statutes applicable thereto. In support of this argument, the county cites *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561 [188 Cal.Rptr. 736] (*County of Sacramento*). In *County of Sacramento*, the Court of Appeal held that Code of Civil Procedure section 916, subdivision (a) is inapplicable in proceedings regarding forfeiture of bail.[6] *County of Sacramento* involved the rules of appellate procedure, and the question we confront here was not considered. In addition, section 473—in contrast to Code of Civil Procedure section 916—carries a presumption that it will be liberally applied in favor of the "sound policy" favoring " ' "the determination of actions on their merits." ' " (*Maynard, supra*, 36 Cal.4th at p. 371.) Therefore, *County of Sacramento* does not persuade us that section 473 is inapplicable in bail forfeiture proceedings.[7]

Finally, the county argues that the application of section 473 to proceedings involving bail forfeiture undermines the general intent of the statutory scheme governing bail bonds. In support of this argument, the county cites *People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193 [88 Cal.Rptr.2d 713] (*Taylor*), in which the Court of Appeal interpreted Penal Code section 1305.4, a statute permitting an extension of the time within which a bail surety or agent may obtain relief from forfeiture and exoneration of its bond. Section 1305.4 specifies that, upon a motion and a showing of good cause, the statutory appearance period may be extended for a period of time "not exceeding 180 days from its order." The bail agent in *Taylor* had already received an extension pursuant to Penal Code section 1305.4 and was

---

[5] The county attempts to distinguish *Stevens* on two grounds: first, that the judgment of divorce in *Stevens* was entered as a result of default; and second, because the appellant in *Stevens* relied upon the relief provisions premised on fraud and falsity. We find these proposed distinctions unpersuasive. First, in discussing consent judgments, the court was specifically responding to the appellant's argument that the judgment at issue should be considered "a 'mutual judgment' which must be treated as a contract." (*Stevens, supra*, 268 Cal.App.2d at p. 435.) In addition, the appellant in *Stevens* did seek relief based on her own mistake and excusable neglect. (*Id.* at p. 428.)

[6] Code of Civil Procedure section 916, subdivision (a) provides that the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from.

[7] The county also cites *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1554 [78 Cal.Rptr.2d 763] for the proposition that a special statute controls over a general statute. However, this principle is only applicable when there is a conflict between the two statutes at issue. (See *id.* at p. 1553 [an apparent conflict exists between Pen. Code, §§ 977 and 1305].) Here, no such conflict exists therefore the cited canon of statutory interpretation is irrelevant.

denied its request for an extension of an additional week. The bail agent's primary contention on appeal was that the language of section 1305.4 should be read to permit the trial court to grant an unlimited series of extensions as long as good cause is shown and no single extension is longer than 180 days. The Court of Appeal disagreed, interpreting the statute to permit a single extension of no more than 180 days past the 180-day period set forth in Penal Code section 1305. (*Taylor, supra*, at p. 1199.)

Similarly, the county argues, allowing bail agents to rely on the mandatory relief provisions of section 473 to move for relief from summary judgment after the appearance period has lapsed undermines the Legislature's intent in enacting strict and specific time limits governing bond forfeiture. In other words, the county argues that section 473 allows an additional extension of the statutory period that is not permitted by the statutory scheme governing bail bonds.

We find the county's analogy unconvincing. Section 473 may not be used to extend a statutory time period, and the trial court in this matter did not extend the appearance period. In fact, bail agent's motion to vacate forfeiture, and the hearing on that motion, were respectively filed and set within the relevant statutory timeframes.[8]

 Section 473 may be invoked only under specific circumstances, where a judgment or order against a party is obtained through his or her mistake, inadvertence, surprise or excusable neglect. Weston's inadvertent failure to appear is the type of mistake contemplated by the statute. While the decision to grant relief under section 473 is within the sound discretion of the court, such discretion is not "unfettered." (*Martin v. Cook* (1977) 68 Cal.App.3d 799, 807 [137 Cal.Rptr. 434].) Instead, it is " 'an impartial discretion, guided and controlled in its exercise by fixed legal principles . . . to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " (*Ibid.*) The county does not argue that the trial court abused its discretion in granting section 473 relief under the undisputed facts of this case, and no such abuse is apparent from the record.

---

[8] The county takes issue with the fact that the hearing on bail agent's motion was put back on calendar by means of a simple phone call to the clerk, rather than a noticed motion. Trial courts must be accorded wide latitude in the exercise of discretion to control and regulate their calendars. (*Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 497 [256 Cal.Rptr. 296].) We find no abuse of discretion in the trial court's decision to accept bail agent's telephone call as a sufficient means to place the matter back on calendar.

■ In conclusion, we find that the trial court did not err in applying section 473 under the circumstances of this case. The county has failed to convince this court that section 473 is inapplicable in all bail bond forfeiture cases as a matter of law.

## DISPOSITION

The order is affirmed. Bail agent is entitled to its costs on appeal.

Boren, P. J., and Doi Todd, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 1, 2012, S198658. Kennard, J., was of the opinion that the petition should be granted.