Filed 4/27/16  P. v. Lexington National Ins. Corp. CA2/7
On remand from the Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LEXINGTON NATIONAL INSURANCE CORPORATION, Defendant and Appellant. | B251224 (Los Angeles County Super. Ct. No. GA086366) |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick J. Hegarty, Judge.  Affirmed.

John M. Rorabaugh (Santa Ana); E. Alan Nunez (Fresno) for Defendant and Appellant.

Office of the County Counsel, Richard D. Weiss, Acting County Counsel, Ruben Baeza Jr., and Lindsay Yoshiyama for Plaintiff and Respondent.

_____

**INTRODUCTION**

After the insurer appealed from the trial court's order denying its motion to vacate forfeiture of the bail bond it had posted for a criminal defendant, our Supreme Court decided *People v. Safety National Casualty Insurance Co.* (2016) 62 Cal.4th 703 (*Safety National*).  In that case, the Court determined that Penal Code section 977, subdivision (b)(1), should be used to determine whether a proceeding at which a defendant charged with a felony failed to appear was a proceeding at which the defendant was "lawfully required" to appear for purposes of forfeiting bail under Penal Code section 1305, subdivision (a)(4).  Because that holding is dispositive of this matter, we affirm.[1]

**FACTUAL AND PROCEDURAL SUMMARY**

In May 2012, the People filed a complaint charging Ahmed Alsherebi with two felonies—false imprisonment (Pen. Code, § 236) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(4)).[2]  Alsherebi was arraigned on May 17, and Lexington National Insurance Company posted a bail bond in the amount of $80,000 for his release. Alsherebi appeared with private counsel, and the matter was continued to May 31 for "preliminary hearing setting."  Alsherebi was present in court with private counsel on May 31 when a 60-day time waiver was taken and the matter was continued to July 12. On July 12, Alsherebi appeared with a new attorney (Anthony Salerno) who substituted in as defense counsel; another 60-day time waiver was taken, and the matter was continued again to August 23 for preliminary hearing setting.[3]

---

[1]    This matter was transferred to the Court by order of the Supreme Court on March 23, 2016.  The parties did not file supplemental briefs.

[2]    All undesignated statutory references are to the Penal Code.

[3]    According to the minute orders for May 17, May 31, July 12 and August 23, 2012, the trial "court order[ed] the defendant to appear on the next court date."  However, as we

2

On August 23, the trial court and defense counsel (Salerno) and Alsherebi had the following exchange:

"The Court:  This is Case GA086366.  [¶] What are we doing today?

"[Defense counsel]:  The short version is we're hoping to have a preliminary hearing setting at some date during the last week of September.

"The Court:  How about the 26th?

"[Defense counsel]:  That should be good.

"The Court:  All right.  Preliminary hearing setting September 26, 2012, 8:30 a.m., this department.  That will be 0 of 10.  [¶] Mr. Alsherebi, do you waive your right to a speedy preliminary hearing so I can set the matter for September 26th, knowing the People would have ten court days from that date to start your preliminary hearing?

"The defendant:  Yes.

"The Court:  Counsel join?

"[Defense counsel]:  I do.

"The Court:  See you back on the 26th."

According to the minute order of September 26, although his counsel was present, Alsherebi failed to appear that day, "without sufficient excuse."  The trial court ordered Alsherebi's bail forfeited.  The court issued but, at defense counsel's request, held a bench warrant for further hearing on October 4.[4]

On October 1, the court clerk mailed Lexington a notice of forfeiture of bail, informing Lexington its contractual obligation to pay Alsherebi's bail would become absolute on the 186th day following the date of mailing of the notice.[5]

---

note in the text, at least with respect to August 23, 2012, the reporter's transcript is to the contrary.  (There is no reporter's transcript for the dates prior to August 23, 2012.)

[4]     According to the October 4, 2012 minute order, defense counsel appeared, but Alsherebi again failed to appear without sufficient excuse, and the trial court ordered the issuance of a "no bail" bench warrant.

[5]     The period of 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the surety and bail agent is known as the "appearance period" as the trial court must set aside a forfeiture of bail and exonerate

On April 4, 2013, Lexington filed a motion for an extension of this date pursuant to section 1305.4, and on May 1, the trial court granted Lexington's request, extending the time for Alsherebi's appearance (or forfeiture of bail) to August 1.

On July 30, Lexington filed a motion to vacate forfeiture and exonerate bail pursuant to section 1305 (or, in the alternative, for further extension of the appearance date). Citing the reporter's transcript of August 23, 2012 (submitted as one of its supporting exhibits), Lexington argued the trial court had lost jurisdiction over the bond because the court had not ordered Alsherebi to appear at the September 26, 2012 preliminary hearing setting (when the court ordered bail forfeited).

At the August 27 hearing on the motion, the trial court noted the defendant had been present at the four hearings prior to the issuance of the warrant and forfeiture of the bond on September 26, and all of the hearings—May 17, May 31, July 12 and August 23—"were exactly the same." The defendant was asked to waive time, he waived time and he was advised of the next court date. Rejecting Lexington's argument that in the absence of an order to appear on September 26, 2012, Alsherebi had not been "lawfully required" to appear on that date for purposes of section 1305, the trial court denied Lexington's motion to vacate forfeiture and exonerate bond.

Lexington appeals.

## DISCUSSION

**I.      Standard of Review.**

The issue in this appeal is whether section 977, subdivision (b)(1), may be used to determine whether a proceeding at which a defendant charged with a felony failed to appear was a proceeding at which a defendant was "lawfully required" to appear for purposes of bail forfeiture under section 1305, subdivision (a)(4). Resolution of a motion to vacate forfeiture and exonerate bail is "'within the trial court's discretion and should not be disturbed on appeal unless an abuse of discretion appears in the record.'

the bond if the defendant appears (or is surrendered to custody by the bail agent) within that time. (*People v. North River Ins. Co.* (2011) 200 Cal.App.4th 712, 717-718 & fn. 1 (*North River*); § 1305, subds. (b) & (c)(1).)

4

[Citations.]" (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 151.) However, where, as here, we review a trial court's interpretation of a statute on uncontested facts, the issue involves a pure question of law, and our review is de novo. (*Ibid.*; *North River, supra*, 200 Cal.App.4th at p. 717.)

## II. Statutes Governing Bond Forfeiture.

"'The statutory scheme governing bail forfeitures is found in . . . section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. [Citation.]' (*People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, 1074 [30 Cal. Rptr. 3d 686], fn. omitted.)" (*North River, supra,* 200 Cal.App.4th at p. 717.)

Section 1305 specifies when and how bail is forfeited, stating in pertinent part as follows: "(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. [¶] (5) To surrender himself or herself in execution of the judgment after appeal. . . ." (§ 1305, subd. (a).)

Pursuant to section 1305, subdivisions (b) and (c), the trial court must set aside a forfeiture of bail and exonerate the bond if the defendant appears or is surrendered to custody by the bail agent within 185 days after the notice of forfeiture is mailed by the clerk of the court, and as we have noted, this 185-day period is known as the "appearance period." (*North River, supra,* 200 Cal.App.4th at p. 717.)

Pursuant to subdivision (a) of section 1306, if the appearance period elapses without the forfeiture having been set aside, the trial court must enter summary judgment against the surety. (*North River, supra,* 200 Cal.App.4th at p. 718.) However, pursuant to subdivision (i) of section 1305, if a motion to vacate the forfeiture and exonerate the bond is timely filed, it may be heard within 30 days after the expiration of the appearance period. (*North River, supra,* 200 Cal.App.4th at p. 718; see *People v. Granite State*

5

*Insurance Co.* (2003) 114 Cal.App.4th 758, 768.) If the trial court fails to enter summary judgment within 90 days after the date upon which it may first be entered, it loses the right to do so. (§ 1306, subd. (c).)

As relevant, subdivision (b)(1) of section 977 provides as follows: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2). . . ."[6]

As stated in subdivision (b)(2) of this statute, "The accused may execute a written waiver of his or her right to be personally present, approved by his or her counsel, and the waiver shall be filed with the court. However, the court may specifically direct the defendant to be personally present at any particular proceeding or portion thereof. . . ." A waiver of a defendant's personal presence shall be in the following format: "The undersigned defendant, having been advised of his or her right to be present at all stages of the proceedings, including, but not limited to, presentation of and arguments on questions of fact and law, and to be confronted by and cross-examine all witnesses, hereby waives the right to be present at the hearing of any motion or other proceeding in this cause. The undersigned defendant hereby requests the court to proceed during every absence of the defendant that the court may permit pursuant to this waiver, and hereby agrees that his or her interest is represented at all times by the presence of his or her attorney the same as if the defendant were personally present in court, and further agrees that notice to his or her attorney that his or her presence in court on a particular day at a

---

[6] While subdivision (b)(1) of section 977 specifies "the accused shall be personally present . . . during the preliminary hearing," the appearance at which the defendant in this case failed to appear was a preliminary hearing setting. Consequently, we consider this matter in light of the fact that defendant had not executed "a written waiver of his . . . right to be personally present" at other proceedings not expressly mentioned in subdivision (b)(1).

particular time is required is notice to the defendant of the requirement of his or her appearance at that time and place."

### III. *Safety National*

In *Safety National, supra,* 62 Cal.4th 703, the Supreme Court heard and decided the issue presented by this appeal. There, defendant was present in court at the time of a pretrial hearing at which the next hearing was set. Defendant failed to appear for the next hearing, without cause being shown, and the court ordered bail forfeited. The surety subsequently moved to vacate the forfeiture, arguing that the court lacked jurisdiction because defendant had not been ordered to appear, nor was the hearing one at which his presence was required as a matter of law. The trial court denied the motion; the Court of Appeal reversed.

The Supreme Court, analyzing the interplay between section 1305, subdivision (a) and section 977, subdivision (b)(1), determined that the Legislature intended the term "at all other proceedings" to include all court proceedings not specifically listed in section 977. (*Safety National, supra,* 62 Cal.4th at p. 712.) Finding no constitutional right for a defendant to be absent from a scheduled proceeding, the Court interpreted section 977, (b)(1) to make defendant's presence mandatory absent court approval of the defendant's written waiver. (*Id.* at p. 714.) The Court explained:

"As discussed above, section 977 may require a defendant's presence at a specific court proceeding, even if the Constitution would allow the proceeding to continue in his or her absence. (See *People v. Jackson* [(1996)] 13 Cal.4th [1164,] 1211.) Section 977 (b)(1), though designed to implement a defendant's right to be present, also serves an important public interest. The efficient functioning of the criminal system is enhanced by compelling a defendant's appearance at critical portions of his or her case, and by requiring the court-authorized written waiver at other covered proceedings to foreclose any doubt whether to proceed in the defendant's absence. (§ 977, subd. (b).) Similarly, in the bail bond context, a defendant's required presence serves another purpose beyond guaranteeing the right to be present: '[T]he broad definition of bail implies its purpose to

be that of a tool to assure the ability of society to protect itself by lawfully conducted criminal prosecution.' (*People v. Semecal* [(1968)] 264 Cal.App.2d Supp. [985,] 992.) In other words, construed together section 977(b)(1) and section 1305 'are not only compatible with the constitutional guarantee of due process, but also constitute an appropriative legislative design to assure the orderly administration of justice.' (*Semecal,* at pp. 989-990.)

"Ultimately, we have no occasion here to decide the precise scope of section 977 as it relates to the constitutional right to be present. (But see *People v. Ochoa* [(2001)] 26 Cal.4th [398,] 434-435.) We conclude only that for purposes of section 1305, a defendant's presence at an 'other proceeding[ ]' under section 977(b)(1) constitutes a 'lawfully required' appearance for which his or her unexcused absence may be justify for forfeiture of bail." (*Safety National, supra,* 62 Cal.4th at pp. 715-716.)

While the *Safety National* Court acknowledged that certain events, such as sidebars or chambers conferences, may not be within the scope of required appearances, the facts there, as here, fell within the rule. The hearing there, as here, was scheduled in defendant's presence. There, as here, there was no written waiver and neither a showing of a "sufficient excuse" for the absence, nor the suggestion that defendant did not have actual notice. (*Id*. at p. 717.) There, as here, that absence constituted a basis on which to forfeit bail under section 1305. (*Ibid*.)

**DISPOSITION**

The order denying Lexington's motion to vacate forfeiture of its bail bond is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

9