Filed 9/24/25  Velasco v. Our Lady of Guadalupe Church CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARTA VELASCO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>OUR LADY OF GUADALUPE CHURCH,<br><br>    Defendant and Respondent. | B343275<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV35122) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven A. Ellis, Judge.  Affirmed.

First Law Group, and Eric A. Forstrom for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Marta Velasco appeals from the trial court's order denying her third motion to set aside a dismissal under the mandatory relief provisions of Code of Civil Procedure section 473, subdivision (b), which require such a motion to be made within six months of the dismissal.[1]  More than two years after Velasco, through counsel, filed a personal injury complaint against respondent, Our Lady of Guadalupe Church (the Church), she failed to appear at a hearing on an order to show cause (OSC) why the court should not dismiss the case for her failure to properly request entry of default against the Church.  The trial court dismissed the case without prejudice.

Through the same counsel, Velasco filed a motion to set aside the dismissal under section 473, subdivision (b), claiming she failed to appear at the OSC hearing through an inadvertent mistake.  However, Velasco failed to appear at the hearing on this first motion, which the trial court took off calendar.  More than six months after the dismissal (i.e., after the statutory deadline), Velasco filed a second motion to set aside the dismissal.  Again, she failed to appear at the hearing on this second motion, which the court took off calendar.  She then filed a third motion to set aside the dismissal, and appeared at the hearing through counsel.

The trial court issued an order denying Velasco's third motion to set aside the dismissal as untimely because she had filed it after the six-month deadline expired.  Velasco appeals from that order, but does not challenge the trial court's finding that her third motion was untimely.  Finding no error, we affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

## BACKGROUND

**A.  The trial court issued an OSC regarding dismissal for Velasco's failure to properly request entry of the Church's default.  When Velasco failed to appear at the OSC hearing, the court dismissed the case.**

In September 2021, through counsel, Velasco filed the instant complaint against the Church under an incorrect name.  The complaint alleged that Velasco suffered injuries when she fell from a stairway on the Church's premises in September 2019, and asserted causes of action for negligence and premises liability.

In October 2021, Velasco filed proof of service of summons on the Church under the incorrect name.  The Church never responded to the complaint or otherwise appeared in the trial court.  Throughout 2022, Velasco did not file any document.  In January 2023, Velasco filed a request for entry of the Church's default, which the clerk rejected.

In March 2023, the court issued an OSC regarding dismissal for Velasco's failure to properly request entry of default.  Over the remainder of 2023, the court continued the OSC hearing several times; meanwhile, Velasco filed a new proof of service under the Church's correct name and amended her complaint to correct the name, but did not thereafter request entry of default.

On February 13, 2024 (more than two years after the complaint's filing), Velasco failed to appear at the OSC hearing regarding dismissal.  The court dismissed Velasco's complaint without prejudice.

3

**B.** **Velasco filed a motion to set aside the dismissal under section 473. The trial court took the motion off calendar when Velasco failed to appear at the hearing.**

On June 11, 2024, Velasco filed a motion to set aside the dismissal under the mandatory relief provisions of section 473, subdivision (b).[2] Velasco supported the motion with a declaration from her counsel, who declared that he had failed to calendar the February 13, 2024, OSC hearing due to an "inadvertent mistake of not looking at the court website."

On July 24, 2024 (the date Velasco noticed for the hearing on her motion), Velasco failed to appear. On the trial court's own motion, the court continued the hearing to August 20, 2024. On that date, Velasco again failed to appear. The court took the motion off calendar.

**C.** **More than six months after the dismissal, Velasco filed a second motion to set it aside. The court took the motion off calendar when Velasco again failed to appear at the hearing.**

On August 23, 2024 (more than six months after the February 13, 2024, dismissal), Velasco filed a second motion to

---

[2] "[T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

set aside the dismissal under section 473, subdivision (b).  Her counsel executed a new declaration to support the second motion.

The second declaration differed from the first only by adding the following sentence:  "On or about July 24, 2024 [the date originally noticed for the hearing on the first motion], there was [a] nationwide Microsoft error that prevented the court from hearing the matter."[3]  The declaration did not address why Velasco failed to appear at the *continued* hearing on the first motion, on August 20, 2024.

On September 20, 2024 (the date Velasco noticed for the hearing on her second motion), Velasco failed to appear.  The trial court took the second motion off calendar.

## D.    Velasco filed a third motion to set aside the dismissal.  The court heard the third motion and denied it as untimely.

On September 25, 2024, Velasco filed a third motion to set aside the dismissal under section 473, subdivision (b).  She also re-filed her counsel's second declaration.  Because the declaration was executed *before* the September 20, 2024, hearing on Velasco's second motion to set aside the dismissal, the declaration could not and did not address why Velasco failed to appear at that hearing.

The next day, Velasco filed a supplemental declaration from another attorney (whose name did not appear on any

---

[3] The trial court subsequently observed that it had continued the July 24, 2024, hearing on its own motion because the hearing occurred "shortly after a cyber attack on the Los Angeles County Superior Court that disrupted some court functions . . . ."

previous document in the record). This second attorney declared that he had been scheduled to appear at the September 20, 2024, hearing on the second motion, but failed to appear because his minor daughter experienced an unanticipated medical emergency shortly before the hearing. He did not address why he failed to notify the court of this alleged reason for his nonappearance earlier. Nor did he sign his declaration under penalty of perjury.

On October 21, 2024, the trial court heard and denied Velasco's third motion. A third attorney appeared for Velasco at the hearing. In denying the third motion, the court reasoned: "This third motion to set aside the dismissal was filed more than six months after the dismissal order was entered. So was the second motion. Accordingly, the Court must deny the motion for statutory relief under Code of Civil Procedure section 473, subdivision (b). The Court has no power or discretion to extend the statutory deadline."

Velasco filed a timely notice of appeal from the court's October 21, 2024, order denying her third motion to set aside the dismissal, which is appealable.[4] (*Valencia v. Mendoza* (2024) 103 Cal.App.5th 427, 440, fn. 14.)

---

[4] Velasco asks us to "reverse the trial court's order dismissing Plaintiff's action." However, her notice of appeal was limited to the trial court's order of October 21, 2024, and therefore did not encompass the dismissal order entered eight months earlier, on February 13, 2024. Thus, we lack jurisdiction to review the dismissal order. (See *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 [" ' "The law of this state does not allow, on an appeal from a judgment, a review of any decision or order from which an appeal might previously have been taken" ' "].)

## DISCUSSION

"[T]he court shall, whenever an application for relief is made *no more than six months* after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b), italics added.) "The six-month limit is mandatory; a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within the six-month period." (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340 (*Arambula*).)

Here, the trial court concluded that it had no authority to grant Velasco's third motion to set aside the dismissal because she filed the third motion on September 25, 2024, more than six months after the February 13, 2024, dismissal. Because the relevant dates are undisputed, the trial court's ruling presents a pure question of law that we review de novo. (See *Hernandez v. FCA US LLC* (2020) 50 Cal.App.5th 329, 336.) We conclude that the trial court correctly found that Velasco filed the third motion after the six-month deadline and that section 473 therefore required the court to deny the motion. (See § 473, subd. (b); *Arambula, supra*, 128 Cal.App.4th at p. 340.)

Velasco does not challenge the trial court's finding that her third motion was untimely. Instead, Velasco argues that her *first* motion to set aside the dismissal was timely, and that the trial court erred by purportedly denying the first motion.

However, Velasco mischaracterizes the order from which she appealed. In the order's "Background" section, the court

7

noted that it had taken the first motion off calendar when Velasco failed to appear at the hearing.  Taking a motion off calendar is not equivalent to denying or otherwise ruling on the motion.  (Cal. Rules of Court, rule 3.1304(d) ["If a party fails to appear at a law and motion hearing without having given notice [of nonappearance], the court may take the matter off calendar, to be reset only upon motion, *or* may rule on the matter" (italics added)]; see also *People v. The North River Ins. Co.* (2011) 200 Cal.App.4th 712, 719, fn. 3 [" ' "Off Calendar" is not synonymous with "dismissal."  "Off" merely means a postponement whereas a "dismissal" in judicial procedure has reference to a cessation of consideration' "].)

The order did not purport to rule on Velasco's first motion (filed on June 11, 2024).  On the contrary, the order stated:  "The [third] Motion to Set Aside/Vacate Dismissal *filed . . . on 09/25/2024* is Denied."  (Italics added.)  Similarly, the order stated:  *"This third* motion to set aside the dismissal was filed more than six months after the dismissal order was entered.  So was the second motion.  Accordingly, the Court must deny the motion . . . ."  (Italics added.)

Because the order denied only Velasco's *third* motion to set aside the dismissal, we conclude that Velasco's arguments concerning her *first* motion do not satisfy her burden to affirmatively show prejudicial error in the order from which she appealed.  (See *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1 ["Although respondent did not file a brief in this appeal, appellant 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed," and we "examine the record and reverse only if prejudicial error is found" ' "].)

In Velasco's appellate brief, she does not argue that her timely first motion rendered her second and third motions timely. At most, she implies such an argument in her summary of this case's procedural history, by stating that she twice "re-submitted" her first motion.

In her legal discussion, however, Velasco does not contend that the trial court erred by treating her second and third motions as separate motions from her first. Nor does she cite any authority that supports such an argument. Thus, she forfeited the argument. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [" ' "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]" ' "].) " '[An appellant's burden] requires more than simply stating a bare assertion that the judgment, or part of it, is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment . . . .' " (*Ibid.*)

In short, we conclude that Velasco failed to meet her burden to affirmatively show error in the trial court's order denying, as untimely, her third motion to set aside the dismissal. Accordingly, we affirm the order.

## DISPOSITION

The order denying Velasco's September 25, 2024, motion to set aside the February 13, 2024, dismissal is affirmed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

10