Filed 12/5/25  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336310 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA442745) |
| v. | |
| MICHAEL WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Dismissed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General for Plaintiff and Respondent.

————————————

Michael Williams appeals the superior court's minute order, dated December 13, 2023, taking his Penal Code[1] section 1172.75 hearing for recall and resentencing off calendar.

In the opening brief, Williams states that his appeal is from a post-judgment order denying a resentencing hearing pursuant to section 1172.75.  However, the superior court did not issue an order denying resentencing.  Rather, the court took the matter off calendar after Williams, who was not present at the hearing, refused to waive his presence.  We conclude that the superior court's minute order is not appealable, and we dismiss the appeal.

## PROCEDURAL HISTORY

### A.  *Plea*

On May 5, 2016, Williams pleaded no contest to charges in three separate cases.  In case No. BA427710, Williams pleaded no contest to forcible rape and admitted the allegation that in commission of the rape he inflicted great bodily injury on the victim.  Williams also admitted a prior strike conviction in the rape case.  He was sentenced to 15 years in prison.  In the present case, Williams pleaded no contest to resisting an executive officer (§ 69) and admitted two prior prison term allegations (§ 667.5, subd. (b)).  He was sentenced to a term of five years in prison, to run concurrently with the 15 year sentence in case No. BA427710.  Williams's sentence was comprised of the upper term of three years for resisting an officer,

---

[1] All further statutory references are to the Penal Code.

2

plus one year each for the prior prison term enhancements. In a third case, Williams pleaded no contest to robbery, and was sentenced to the middle term to run concurrently with his other two sentences.

## B.     *Resentencing Pursuant to Section 1172.75*

In 2022, the Department of Corrections and Rehabilitation identified Williams as an inmate who was potentially eligible for resentencing pursuant to section 1172.75 because he was serving a sentence that included two now-illegal one-year enhancements imposed pursuant to section 667.5, subdivision (b). The superior court appointed counsel and set a resentencing hearing.

The matter was continued several times.

In a hearing on July 13, 2023, defense counsel informed the court that Williams was in state custody in Louisiana. Counsel stated that he would seek a waiver of Williams's presence for the resentencing hearing. The court offered to have Williams appear remotely via Webex, and indicated that if Williams waived his presence, the court would only be comfortable proceeding if Williams appeared on video.

In a hearing on November 20, 2023, defense counsel informed the court that the Allen Correctional Facility where Williams was incarcerated used Zoom for remote appearances. Counsel had not been able to speak with Williams during the prior two weeks, but when he had last spoken with Williams, Williams did not want to waive physical presence. The court emphasized to counsel that if Williams decided not to proceed, "the court doesn't have a lot of choices." If Williams did not appear or waive his appearance, the court could not reduce his

3

sentence. The court informed counsel that although California courts do not use Zoom for remote appearances, the court was willing to do so in this instance to facilitate Williams's appearance in conformance with Allen Correctional Facility's procedures. Defense counsel advised the court that Williams still refused to waive his presence at the resentencing hearing. The court again warned counsel that if Williams refused to appear, the court could not proceed in his absence.

In a hearing on December 13, 2023, the court was prepared to proceed via Zoom, which defense counsel had coordinated with the Allen Correctional Facility. Counsel informed the court that Williams did not wish to waive his right to be personally present and would not appear via Zoom. The court noted that Williams was entitled to resentencing. The court emphasized that it had accommodated Williams by agreeing to use Zoom, which was not one of the platforms that California courts utilize, and that defense counsel had coordinated the Zoom call. The court stated that it had "no other ability to get Mr. Williams here in court nor will the court order him out of Louisiana state prison. . . ." "So by not desiring to proceed . . . via Zoom today, Mr. Williams [is] advised that he may be giving up his right to be resentenced, whatever that is; because there is a finite statute date that runs on December 31st, 2023.[2] [¶] . . . [Section] 1172.75 permits virtual resentencings upon agreement by the parties. With that, the court is taking the resentencing off calendar." Defense counsel reiterated that Williams was requesting to be brought to

_____

[2] The question of whether the December 31, 2023 deadline contained in section 1172.75, subdivision (c)(2) precludes a defendant from being resentenced after that date was not yet ripe for decision, and the court did not purport to rule on the issue.

4

court in person.  Counsel emphasized that Williams was not refusing resentencing; he was refusing virtual resentencing.  The court took the matter off calendar.

Williams did not move the court to place the hearing back on calendar.  Instead, Williams purported to appeal in this court the superior court's "failure to hold a resentencing hearing."

## DISCUSSION

### A.    *Resentencing Pursuant to Section 1172.75*

Section 1172.75, subdivision (a), provides that a prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense.  Section 1172.75 requires that "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement."

Upon receipt of this information, the court determines whether the defendant's judgment includes an invalid prior prison term enhancement, and, if so, recalls the sentence and resentences the defendant.  (§ 1172.75, subd. (c).)  The superior court must complete review and resentencing "[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on

5

the enhancement[, or] [b]y December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1) & (2).)

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

"The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Although defendants have a right to be personally present at a resentencing hearing (*People v. Simms* (2018) 23 Cal.App.5th 987, 996), a defendant may waive that right (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673). Pursuant to section 1172.75, subdivision (e) "the resentencing hearing may be conducted remotely through the use of remote technology, if the defendant agrees."

## B.   *Analysis*

In the opening brief, Williams averred that his appeal was from a post-judgment order denying a resentencing hearing pursuant to section 1172.75. He contended that he had a right to be present at the resentencing hearing and to refuse to appear remotely. He urged this court to remand the matter for a full resentencing hearing. The People argued that the claim was

moot, and/or Williams invited error, and/or Williams impliedly waived his right to be present at the hearing.

Following our initial review of the matter, we invited the parties to file letter briefs regarding whether the superior court's minute order taking the matter off calendar is an appealable order.

In his supplemental brief, Williams argues that the superior court's minute order is tantamount to an order denying him a resentencing hearing, and implicates his substantial rights. As such, the minute order is appealable. In their supplemental brief, the People contend that the minute order is non-appealable. We concur with the People.

" ' "[N]o appeal can be taken except from an appealable order or judgment, as defined in the statutes and developed by the case law. . . ." [Citation.]' " (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 601, italics omitted.) "The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal." (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)

A court's minute order removing a matter from its calendar is not an appealable order. " ' "Off Calendar" is not synonymous with "dismissal." "Off" merely means a postponement whereas a "dismissal" in judicial procedure has reference to a cessation of consideration.' (*Guardianship of Lyle* (1946) 77 Cal.App.2d 153, 156.)" (*People v. The North River Ins. Co.* (2011) 200 Cal.App.4th 712, 719, fn. 3.) "It is permissible for good cause to delay a trial or hearing to a later date or to drop or strike a case from the calendar, to be restored on motion of one or more of the litigants or on the court's own motion . . . Courts have control of pleadings

in a case until a valid final judgment is rendered."
(*Guardianship of Lyle*, *supra*, at pp. 155–156.)

Here, Williams's substantial rights are not implicated. The superior court did not deny recall and resentencing or refuse to hold a resentencing hearing pursuant to section 1172.75. The court recognized that Williams was entitled to resentencing. The court stated that the two one-year sentence enhancements imposed pursuant to section 667.5, subdivision (b) were no longer legal and should be stricken at resentencing. The court also recognized that Williams had a right to be present at the hearing; it took the matter off-calendar rather than resentence Williams in his absence. The court acknowledged that proceedings were at an impasse at the time of the hearing because Williams invoked his right to be present at the hearing, but he was incarcerated in another state and unable to appear. Rather than making a substantive order that resolved the matter, the superior court removed the hearing from its calendar, presumably until such time as the hearing could be held with either Williams's presence or his waiver of the right to be present.

The superior court's minute order removing the hearing from calendar was not tantamount to denial of a section 1172.75 hearing. Williams could have moved the court to place the hearing back on calendar. He did not. Instead, he asks this court to presume that if he had moved the superior court to place the matter on calendar the court would have refused.

We decline to do so. The superior court's theoretical refusal of a motion that was never made does not implicate Williams's substantial rights. Williams was not without recourse in the

superior court; he simply chose not to seek appropriate relief.[3] The appeal is dismissed.

## DISPOSITION

We dismiss the appeal.
NOT TO BE PUBLISHED.


MOOR, J.

I CONCUR:


KIM (D.), J.

---

[3] We express no opinion on the merits of any relief that Williams may still seek in the trial court.

The People v. Michael Williams
B336310


BAKER, Acting P. J., Dissenting



We should not be dismissing this appeal.  The December 13, 2023, order taking defendant and appellant's Penal Code section 1172.75 hearing "off calendar" (and specifying no date when it would be back "on calendar") affects his substantial rights.  (Pen. Code, § 1237, subd. (b).)  By its express terms, the governing statute required the superior court to adjudicate defendant's entitlement to relief and resentencing by December 31, 2023.  (Pen. Code, § 1172.75, subd. (c)(2).)  When the trial court convened the hearing before taking the matter off calendar, it still could have met this deadline.  That is no longer possible, of course, and the Attorney General takes the position that the failure to meet the deadline means defendant can no longer obtain relief—making this appeal moot.  Assuming that is correct, and really even assuming it *may* be correct,[1] the "off calendar" order affected defendant's substantial rights.  A pocket veto is still a veto.

---

[1]     The Attorney General's position means there is now uncertainty about defendant's entitlement to relief where there was none when the trial court took the matter off calendar.  I need not and do not now express a view on whether the Attorney General's position is correct.

In my view, we should treat the trial court's order as a denial of section 1172.75 relief, reverse the order, and remand with directions to strike defendant's prior prison term enhancements and resentence him—in absentia if necessary. (See generally *People v. Ramirez* (2022) 14 Cal.5th 176, 188.)


BAKER, Acting P. J.

2